## PACILEO, SHERIFF v. WALKER

No. 79–2040.  Decided December 8, 1980

PER CURIAM.

The United States Constitution provides that "[a] person charged in any State with Treason, Felony or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime."  Art. IV, § 2, cl. 2.

In this case, there is no dispute as to the facts necessary to resolve the legal question presented.  In 1975, respondent James Dean Walker escaped from the Arkansas Department of Corrections and remained at large until he was apprehended in California in 1979.  In December 1979, the Governor of Arkansas requested the arrest and rendition of respondent, alleging that respondent was a fugitive from

justice. In February 1980, the Governor of California honored the request of the Governor of Arkansas and duly issued a warrant of arrest and rendition. This warrant was then served upon respondent by the Sheriff of El Dorado County, Cal. Respondent thereafter challenged the Governor's issuance of the warrant in both state and federal courts. He was unsuccessful until he reached the Supreme Court of California, which, on April 9, 1980, issued a writ of habeas corpus directing the Superior Court of El Dorado County to "conduct hearings to determine if the penitentiary in which Arkansas seeks to confine petitioner is presently operated in conformance with the Eighth Amendment of the United States Constitution and thereafter to decide the petition on its merits."

Petitioner Sheriff contends that Art. IV, § 2, cl. 2, and its implementing statute, 18 U. S. C. § 3182, do not give the courts of the "asylum" or "sending" State authority to inquire into the prison conditions of the "demanding" State. We agree. In *Michigan* v. *Doran,* 439 U. S. 282 (1978), our most recent pronouncement on the subject, we stated that "[i]nterstate extradition was intended to be a summary and mandatory executive proceeding derived from the language of Art. IV, § 2, cl. 2, of the Constitution." *Id.,* at 288. We further stated:

> "A governor's grant of extradition is prima facie evidence that the constitutional and statutory requirements have been met. . . . Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive. These are historic facts readily verifiable." *Id.,* at 289.

In *Sweeney* v. *Woodall,* 344 U. S. 86 (1952), this Court held that a fugitive from Alabama could not raise in the federal courts of Ohio, the asylum State, the constitutionality of his confinement in Alabama. We stated:

> "Considerations fundamental to our federal system require that the prisoner test the claimed unconstitutionality of his treatment by Alabama in the courts of that State. Respondent should be required to initiate his suit in the courts of Alabama, where all parties may be heard, where all pertinent testimony will be readily available, and where suitable relief, if any is necessary, may be fashioned." *Id.,* at 90.

We think that the Supreme Court of California ignored the teachings of these cases when it directed one of its own trial courts of general jurisdiction to conduct an inquiry into the present conditions of the Arkansas penal system. Once the Governor of California issued the warrant for arrest and rendition in response to the request of the Governor of Arkansas, claims as to constitutional defects in the Arkansas penal system should be heard in the courts of Arkansas, not those of California. "To allow plenary review in the asylum state of issues that can be fully litigated in the charging state would defeat the plain purposes of the summary and mandatory procedures authorized by Art. IV, § 2." *Michigan* v. *Doran, supra,* at 290.

The petition for certiorari is granted, the judgment of the Supreme Court of California is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

JUSTICE MARSHALL, dissenting.

Because *Michigan* v. *Doran,* 439 U. S. 282 (1978), did not involve a claimed violation of the Eighth Amendment, and

because *Sweeney* v. *Woodall,* 344 U. S. 86 (1952), did not involve a state court's decision to grant state habeas corpus relief, I do not believe that they control the question raised here, and I would set the case for plenary review.