Jack Everett ELLERMAN, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. H–83–44.

Court of Criminal Appeals of Oklahoma.

March 11, 1983.

As Corrected March 14, 1983.

§ 1141.10 for a writ of habeas corpus ordering his release from confinement by virtue of a warrant for his extradition to the state of Oregon. We find no ground for the writ, and the petition is DENIED.

Petitioner contends that he is not a fugitive subject to extradition under the Uniform Criminal Extradition Act, 22 O.S.1981, § 1141.1, et seq. This contention is not well taken. On December 25, 1975, petitioner shot and killed one man and wounded another in Oregon. At the time, he was on parole in this state and wanted on several criminal charges in Rogers County, Oklahoma.

After the shootings, petitioner fled to the state of Arizona, where he was apprehended and returned to Oklahoma on parole violation charges. His parole was revoked, and he was sent back to the state penitentiary. In the meantime, petitioner was indicted in Oregon on charges arising out of the shootings. In October of 1976, petitioner was released to Oregon authorities for trial on the charges pending there. Under the terms of an agreement executed by the governors of the two states, petitioner was to be promptly returned to this state upon the completion of the criminal proceedings. 22 O.S.1981, § 1141.5; Ore.Rev. Stat. § 133.835(1).

Petitioner entered pleas of guilty to reduced charges of manslaughter and assault, and was sentenced to consecutive 20 and 10 year terms of imprisonment. The trial judge promised to recommend that his Oregon sentences be deemed as running concurrently with his Oklahoma confinement, and the judgment document and letters to authorities in both states reflect the judge's good faith in this respect.

Petitioner was promptly returned to this state where additional sentences were imposed, and he was sent back to the penitentiary. In April of 1982, the petitioner was paroled from his Oklahoma confinement, but was held in custody on an Oregon detainer. Although released briefly in July, 1982, petitioner remains confined in Tulsa County. The District Court denied a simi-

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, Jack Everett Ellerman, has applied to this Court under 22 O.S.1981

lar petition for habeas corpus, but stayed extradition pending proceedings in this Court.

■ We find that petitioner is in fact a fugitive under our decision in *Application of Butler,* 346 P.2d 348 (Okl.Cr.1959). Petitioner was in fact a fugitive from Oregon at the time of his apprehension in Arizona and his later confinement in this state. That status was not altered by his temporary return to Oregon for purpose of trial, nor did Oregon waive its right to subsequently demand extradition due to its surrender of petitioner back to this state in accordance with the agreement of the governors. See also *State Ex Rel Jackson v. Froelich,* 77 Wis.2d 299, 253 N.W.2d 69 (1977).

■ The Oregon requisition adequately alleged petitioner's fugitive status. 22 O.S. 1981, § 1141.3. Additional allegations therein must be viewed as supplementary in nature, and directed to forestalling contentions that Oregon had lost or waived its right to extradite petitioner. 22 O.S.1981, §§ 1141.5 and 1141.26. *Ex Parte Crawford,* 342 P.2d 580 (Okl.Cr.1959), is distinguishable, as is *Anderson v. State,* 386 P.2d 320 (Okl.Cr.1963).

■ Petitioner's contention that his return to this state after conviction in Oregon was due to a plea bargain with Oregon officials rather than the executive agreement is wholly unpersuasive. At no point does it appear that Oregon's fulfillment of the agreement was in doubt. The alleged plea bargain only related to whether upon his return to Oklahoma petitioner would be allowed to concurrently serve his Oregon time.

■ Petitioner's final contention that incarceration in Oregon would violate his plea bargain with that state is not properly before this Court. "To allow plenary review in the asylum state of issues that can be fully litigated in the charging state would defeat the plain purposes of the summary and mandatory procedures authorized by Art. IV, § 2." *Michigan v. Doran,* 439 U.S. 282, 290, 99 S.Ct. 530, 536, 58 L.Ed.2d 521 (1978) (the asylum state may not independently examine probable cause). See also *Pacileo v. Walker,* 449 U.S. 86, 101 S.Ct. 308, 66 L.Ed.2d 304 (1980) (the asylum state may not inquire into the constitutionality of conditions of confinement in the demanding state). The existence and significance under the facts of this case of the alleged agreement must be left to the courts of the demanding state, Oregon.

Petition for writ of habeas corpus is DENIED.

WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 11th day of March, 1983.

HEZ J. BUSSEY, P.J.

TOM R. CORNISH, J.

TOM BRETT, J.