**David Whitney CHAMBERLAIN,
Petitioner-Appellant,**

v.

**Richard F. CELESTE,
Respondent-Appellee.**

No. 83–3381.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 29, 1983.

Decided March 19, 1984.

Robert Karl Handelman (argued) Handelman & Kilroy, Mary J. Kilroy, Columbus, Ohio, for petitioner-appellant.

Simon Karas, Connie J. Harris, Richard David Drake (argued), Asst. Attys. Gen., Columbus, Ohio, for respondent-appellee.

Before MARTIN and JONES, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PHILLIPS, Senior Circuit Judge.

In this habeas corpus proceeding David Whitney Chamberlain challenges an extradition sought by the State of Arizona and granted by the Governor of Ohio. District Judge Robert M. Duncan denied petitioner's application for a writ of habeas corpus, and petitioner appeals. We affirm.

## I

On March 16, 1978, Chamberlain was arrested in Arizona, and subsequently was indicted for the unlawful sale of a narcotic drug. On July 25, 1978, as a result of plea negotiations, a written plea agreement was entered into between the petitioner and the Arizona prosecutor. Chamberlain agreed (1) to plead guilty to the first count of the Arizona indictment, (unlawful sale of a narcotic drug), (2) to waive extradition to Ohio, (3) to plead guilty to a pending indictment in Ohio, without assurances relative to the Ohio sentence, (4) to waive extradition back to Arizona, (5) to testify truthfully on behalf of the State of Arizona against a co-defendant, and (6) to serve a mandatory five-year sentence of incarceration for the Arizona conviction. On behalf of the State of Arizona, the Maricopa County Prosecutor agreed to dismiss the second count of the Arizona indictment, (offer to sell marijuana), and allow the petitioner to serve the mandatory five-year sentence of incarceration concurrently with the Ohio sentence in the State of Ohio.

In compliance with the plea agreement, the petitioner returned to Ohio and, on November 22, 1978, pleaded guilty to the indictment pending in the Franklin County Court of Common Pleas. The Ohio trial court sentenced petitioner to a five to twenty-five year term of incarceration in the Ohio State Reformatory.

On November 28, 1978, Chamberlain was sentenced on the Arizona charge. He was not present in Arizona for sentencing, having waived his right to be present. The sentencing order provided in part:

IT IS ORDERED that the Defendant be incarcerated in the Arizona State Prison for a period of not less than five years, nor more than five years and one day, to commence March 28, 1978, to run concur-

rent with the sentence presently being served in the State of Ohio in 76CR–09–2285 and any time served in the Ohio prison system will count toward the sentence in this cause, and this order will be the authority for the defendant to serve this sentence in the State of Ohio.

Petitioner was incarcerated at the Lebanon Correctional Institute in Lebanon, Ohio. Apparently he was a model prisoner and was granted parole by the Ohio Adult Parole Authority, effective on or after March 13, 1980. Prior to his release, however, the Arizona authorities placed a detainer on the petitioner in order to extradite him to the State of Arizona to complete the remainder of his five years on the Arizona sentence. As a result petitioner was transferred to the Warren County, Ohio jail to await extradition proceedings.

On May 5, 1980, a Governor's warrant of arrest was issued by then Ohio Governor John Rhodes in response to the demand for extradition by Arizona. On August 6, 1980 petitioner filed a petition for writ of habeas corpus in the Warren County, Ohio Court of Common Pleas challenging the legality of his arrest and the propriety of Arizona's request for extradition.

On September 9, 1980, the Court of Common Pleas denied the petition. Petitioner then appealed to the Ohio Court of Appeals. On November 4, 1980 Warren County Court of Common Pleas Judge William Young released Chamberlain on his own recognizance pending appeal. On July 7, 1982 the Twelfth District Court of Appeals affirmed the decision of the Warren County Court of Common Pleas. On November 17, 1982, the Supreme Court of Ohio *sua sponte* dismissed petitioner's appeal to that court for want of a substantial constitutional question.

Petitioner then filed the instant action in the United States District Court for the Southern District of Ohio.

In his petition Chamberlain claimed the extradition proceeding against him had denied him rights guaranteed by the fourteenth amendment to the Constitution of the United States in that: (a) he is not a "fugitive" from justice, nor has he been "charged" with a crime in the demanding State; (b) Arizona, the demanding State, has not shown probable cause for extradition; (c) the extradition papers are on their face not in order; and (d) that Arizona breached petitioner's plea agreement.

District Judge Duncan issued an opinion on April 20, 1983 dismissing Chamberlain's petition. Judge Duncan concluded that Chamberlain had been found by the State court "charged with a crime" and that the district court would not upset this finding of fact. In the alternative Judge Duncan held that as a question of law petitioner was charged with an offense. The district judge also upheld the State court determination that petitioner was a "fugitive" from justice. The court refused to inquire into the underlying plea agreement. In addition, the district court did not disturb the State court finding that the extradition papers were proper on their face.

Chamberlain then filed a notice of appeal to this Court. On May 31, 1983, Judge Duncan granted a certificate of probable cause for appeal pursuant to 28 U.S.C. § 2253.

**II**

Judicial review of extradition proceedings is limited. "Interstate extradition was intended to be a summary and mandatory executive proceeding derived from the language of Art. IV, § 2, cl. 2 of the Constitution." *Michigan v. Doran,* 439 U.S. 282, 288, 99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1978). The Supreme Court has stated:

A governor's grant of extradition is prima facie evidence that the constitutional and statutory requirements have been met. Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition;

and (d) whether the petitioner is a fugitive. These are historic facts readily verifiable.

*Doran, supra* at 289, 99 S.Ct. at 535 (citation omitted).

Furthermore, the Supreme Court has held that 28 U.S.C. § 2254(d) requires federal courts in habeas proceedings to accord a "presumption of correctness" to state court findings of fact, unless one of the enumerated exceptions found in § 2254(d) is present, or a federal court concludes that a state finding was not fairly supported by the record. *Sumner v. Mata,* 455 U.S. 591, 591–593, 597–598, 102 S.Ct. 1303, 1303–1304, 1307, 71 L.Ed.2d 480 (1982) (*Sumner II*) (per curiam); *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981) (*Sumner I*). This presumption is equally applicable to findings made by a state appellate court. *Id.* Recognizing the limits of our inquiry, we address ourselves to petitioner's contentions.

The first inquiry under *Doran* is whether the extradition documents on their face are in order.

 The Ohio Court of Appeals in addressing this issue stated:

> Petitioner contends that the extradition papers are not on their face in order since they fail to show that Arizona has probable cause to extradite. Petitioner relies on *Doran.* We believe that petitioner's reliance on *Doran* is misplaced.
>
> *Doran* held that once the governor of the asylum state has acted on a requisition for extradition based on the demanding state's judicial determination that probable cause exists, no further judicial inquiry may be had on the issue of probable cause in the asylum state. Further, the demanding state's judicial determination of probable cause can be stated in the requisition papers in conclusory language. In other words, the requisition papers need not show the factual basis upon which the demanding state's finding of probable cause is supported.
>
> In the habeas proceeding below, a judicial finding of probable cause in the demanding State of Arizona need not be shown in the requisition papers since there has already been a judicial determination, in Arizona, by proof beyond a reasonable doubt, that the petitioner is guilty of the crime which forms the basis of the extradition request. Apparently, petitioner believes that a judicial finding of probable cause comparable to the preliminary inquiry traditionally required between arrest and trial is required here. However, petitioner overlooks the fact that he has already been found guilty beyond a reasonable doubt by the demanding state for the crime which forms the basis of the extradition request.

*In the Matter of: David Whitney Chamberlain,* No. 468 (Warren Cty. Ct. of App. 1982). The district court adopted the findings of the State appellate court, *see Sumner I & II,* and held that petitioner's claim with respect to the extradition papers is without merit. We agree with the district court. Petitioner has presented nothing to this court which would warrant us to disturb that finding.

Under *Doran* a court may also inquire whether the petitioner has been "charged with a crime" in the demanding state. The Ohio Court of Appeals found that petitioner had been charged with a crime. The district court held that to the extent such a finding was a factual finding entitled to the "presumption of correctness" under *Sumner I and II,* it found no basis for disturbing the finding of the state court. Judge Duncan then stated:

> Assuming *arguendo* that the *Doran* determination with respect to being charged with an offense is purely a question of law, this Court HOLDS that petitioner was charged with an offense. The application for requisition from which petitioner quoted stated in detail that petitioner had been convicted of a crime, the specific crime, and the length of sentence imposed by the Arizona court. Moreover, the document stated that petitioner was obligated to serve the remainder of his sentence. Attached to the application was a copy of the judgment and sentence imposed. Finally, petitioner concedes

that he was convicted of a crime. Thus, it is clear that petitioner was charged with a crime in the sense required by *Hughes v. Pflanz,* [138 F. 980 (6th Cir. 1905) ].

Petitioner also contends that there is no allegation in the extradition demand that he has committed a "crime." He alleges that the only claim made is that he has been paroled and that it is no crime to be paroled. Respondent asserts that petitioner is making this claim seeking a collateral challenge to his Arizona plea. The Court of Appeals for Warren County concluded that petitioner was charged with an offense in Arizona. Moreover, the face of the extradition demand specifies the offense for which petitioner was convicted. He cannot now assert that the extradition demand did not allege he committed a "crime."

■ In *Hughes v. Pflanz,* 138 F. 980, 983 (6th Cir.1905) this court defined "charged with crime" as follows:

The term "charged with crime," as used in the Constitution and statute, seems to us to have been used in its broad sense, and to include all persons accused of crime. It would be a very narrow and technical construction to hold that after the accusation, and before conviction, a person could be extradited, while after conviction, which establishes the charge conclusively, he could escape extradition. The object of the provisions of the Constitution and statute is to prevent the escape of persons charged with crime, whether convicted or unconvicted, and to secure their return and punishment if guilty. Taking the broad definition of "charged with crime" as including the responsibility for crime, the charge would not cease or be merged in the conviction, but *would stand until the judgment is satisfied.* It would include every person accused, until he should be acquitted, *or until the judgment inflicted should be satisfied.* Any other construction would prevent the return of escaped convicts upon the charge under which they had been sentenced, and de-

feat in many instances the ends of justice. (emphasis added).

Thus, petitioner's contentions to the contrary notwithstanding, the extradition papers do charge him with a crime, albeit one for which he already has been convicted. Petitioner, however, has not satisfied the judgment, that is, that he be incarcerated on the Arizona conviction for a mandatory period of five years. Petitioner presents nothing to this court which leads us to conclude the district court erred in its finding Chamberlain had in fact been charged with a crime.

■ To the extent that petitioner's claim that he is not charged with a crime is based on the fact that he served his sentence in Ohio, he again is asking a reviewing court to examine the underlying plea agreement. This we decline to do. The plea agreement is an agreement entered into between the State of Arizona and the petitioner. As petitioner asserts, under *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), he may well be entitled to some relief if the State of Arizona is found to have breached the plea agreement bargained for with that State. However, we conclude that such a claim is not properly before this court. Arizona is not even a party to this action. The proper forum for Chamberlain to seek enforcement of his plea agreement is the Arizona courts. Nothing in this opinion should be construed to limit petitioner's ability to seek performance of his plea agreement against the State of Arizona.

The third inquiry under *Doran*—whether the petitioner is the person named in the request—is clearly met in this case. Petitioner does not dispute the fact that he is the person sought.

Our final inquiry is whether the petitioner is a fugitive. Petitioner consistently has argued throughout the habeas proceedings that the merits of the question of whether he is a fugitive cannot be decided without a consideration of the underlying plea agreement. Chamberlain asserts that the Ohio court's finding that he is a fugitive is not entitled to a "presumption of correctness"

under 28 U.S.C. § 2254(d) because the presumption is not applicable where petitioner establishes "that the material facts were not adequately developed at the State court hearing." 28 U.S.C. § 2254(d)(3). *Cf. Fowler v. Jago,* 683 F.2d 983, 988 (6th Cir.1982) *cert. denied* 459 U.S. 1154, 103 S.Ct. 798, 74 L.Ed.2d 1002 (1983) (federal courts have an obligation to ascertain whether the state courts found the relevant facts and applied the correct standard of law.) The "material facts", suggests Chamberlain, is the underlying plea agreement. With respect to petitioner's assertions that in seeking extradition, Arizona has violated the terms of the plea agreement, we reiterate that this habeas corpus action is not the proper proceeding for Chamberlain to seek a determination of whether Arizona in fact has violated the plea agreement. This is a matter to be determined by the courts of the demanding state. "To allow plenary review in the asylum state of issues that can be fully litigated in the charging state would defeat the plain purposes of the summary and mandatory procedures authorized by Art. IV, § 2" of the Constitution. *Michigan v. Doran, supra,* 439 U.S. at 290, 99 S.Ct. at 536. *Cf. Pacileo v. Walker,* 449 U.S. 86, 101 S.Ct. 308, 66 L.Ed.2d 304 (1980) (per curiam) *reh'g denied* 450 U.S. 960, 101 S.Ct. 1421, 67 L.Ed.2d 385 (1981); *Sweeney v. Woodall,* 344 U.S. 86, 73 S.Ct. 139, 97 L.Ed. 114 (1952) *reh'g denied* 344 U.S. 916, 73 S.Ct. 332, 97 L.Ed. 706 (1953).

■ Therefore, we decline to consider the plea agreement in passing upon petitioner's "fugitivity." In addressing the "fugitivity" question, the Ohio Court of Appeals stated:

> The issue of fugitivity is a question of fact and the burden is upon the petitioner to rebut by proof beyond a reasonable doubt the presumption attached to the governor's warrant that he is a fugitive from justice. Further, where there is contradictory evidence upon the issue of fugitivity and there is substantial and credible evidence supporting a finding of fugitivity, petitioner has not met his bur-

den. *In re Rowe* (1981), 67 Ohio St.2d 115, 423 N.E.2d 167. Finally, in *Carpenter,* [*Carpenter v. Jamerson,* 69 Ohio St.2d 308, 432 N.E.2d 177 (1982)] the Supreme Court of Ohio held that an individual "charged with a crime" who has not satisfied the judgment against him is a fugitive from justice where he is unable to rebut by proof beyond a reasonable doubt the presumption of fugitivity attached to the governor's warrant.

In the habeas proceeding *sub judice,* the extradition request asserts that the petitioner is "obligated to serve the remainder of his sentence in the State of Arizona." The request is supported by the affidavit of Dean Walcot, Assistant Chief of the Charging and Extradition Bureau for the Maricopa County Attorney's Office, reiterating the petitioner's obligation to serve the remainder of his sentence in Arizona. Further, the sentencing order of the Superior Court of Maricopa County is attached to the extradition papers. Although the order states that it *allows* the petitioner to serve the Arizona sentence in the Ohio prison system, concurrently with the Ohio sentence, it *orders* the petitioner incarcerated in the Arizona prison system for a period of not less than five years. Finally, at the hearing wherein the plea agreement was accepted, the Arizona court made it abundantly clear to the petitioner that he was to serve a five-year sentence of *actual* incarceration, and that he would not be released from actual incarceration, under any circumstances, before the five years expired.

In short, this Court believes that there is substantial and credible evidence supporting the conclusion that the petitioner is obligated to serve the remainder of his sentence in Arizona. (emphasis in original).

■ The district court adopted this finding. We find no basis for concluding otherwise. The extradition papers presented to the Governor of Ohio set forth sufficient information to warrant the Governor granting Arizona's request. We note in particu-

lar the language of the sentencing order entered in Chamberlain's Arizona conviction:

> IT IS ORDERED that the Defendant be incarcerated in the Arizona State Prison for a period of not less than five years, nor more than five years and one day, to commence March 28, 1978, to run concurrent with the sentence presently being served in the State of Ohio in 76CR–09–2285 *and any time served in the Ohio prison system will count toward the sentence in this cause,* and this order will be the authority for the defendant to serve this sentence in the State of Ohio. (emphasis added).

█ This order was attached to Arizona's request for extradition. When read with the other documents supporting Arizona's request for extradition we cannot say the Governor of Ohio erred in granting the request. The fact that Chamberlain initially left Arizona with the knowledge and consent of the state officials does not preclude him from being subject to extradition. *See Bassing v. Cady,* 208 U.S. 386, 392–93, 28 S.Ct. 392, 393–394, 52 L.Ed. 540 (1908); *U.S. ex. rel. Tyler v. Henderson,* 453 F.2d 790, 793 (5th Cir.1971).

### III

This Court recognizes that the Ohio Adult Parole Authority decided to grant parole upon the basis of Chamberlain's exemplary conduct as an Ohio prisoner. We also recognize his fears of being confined in the same Arizona prison as his co-defendant against whom he had agreed to testify. We reemphasize, however, that this Court's review of extradition proceedings is limited. Accordingly, the decision of the district court denying Chamberlain's application for writ of habeas corpus is affirmed. We reiterate however, that nothing in this opinion prevents petitioner from pursuing in the Arizona courts his claim that Arizona has failed to uphold its end of the plea agreement. Although this Court refuses to grant the relief sought, we do not infer any view of the merits of such a claim if presented in the Courts of Arizona.

BOYCE F. MARTIN, Jr., Circuit Judge, dissenting.

While I recognize that this Court's role in considering a habeas corpus petition to deny a writ of extradition is limited, *see Michigan v. Doran,* 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978), it is not quite so limited as the majority seems to believe. One of the four factors we are authorized by *Doran* to consider is "whether the petitioner is a fugitive." *Id.* at 289, 99 S.Ct. at 535. In deciding this question of fugitivity, we should consider all relevant information, including, in this case, the plea agreement between Chamberlain and the State of Arizona. Moreover, my own examination of that plea agreement convinces me that Chamberlain is not a fugitive from Arizona and is not, therefore, extradictable.

As the majority points out, under Ohio law, "an individual 'charged with a crime' *who has not satisfied the judgment against him* is a fugitive from justice where he is unable to rebut by proof beyond a reasonable doubt the presumption of fugitivity attached to the governor's warrant." However, Chamberlain does not meet this definition of fugitivity because he *has satisfied* the judgment against him. The plea agreement between Chamberlain and Arizona states: "After sentence is imposed herein [5 years imprisonment] the defendant shall be returned to the Ohio Department of Corrections to serve the entire sentence imposed herein." Subsequently, Chamberlain served his five-year term in Ohio. Part of that term, the last three years, was served while on parole in accordance with Ohio law. *See State ex rel. McKee v. Cooper,* 40 Ohio St.2d 65, 73, 320 N.E.2d 286 (1974). Because Chamberlain has successfully completed his five-year term of imprisonment, he is not a fugitive and cannot be extradicted. The fact that Arizona disagrees with the manner in which the sentence was served is immaterial. Whatever right Arizona had to require Chamberlain to serve his sentence in accordance with Arizona sentencing principles was waived when it signed

the plea agreement entrusting Chamberlain to the custody of Ohio authorities.

Moreover, even assuming that Chamberlain has not satisfied the judgment against him in Arizona, he has, nevertheless, succeeded in overcoming "the presumption of fugitivity attached to the governor's warrant." Because Chamberlain is in Ohio by agreement with Arizona, Arizona cannot claim that he is a fugitive from its borders. At most, Arizona can demand that Ohio continue to keep Chamberlain incarcerated for a full five years as would be required under Arizona law. But it cannot demand that he be returned to Arizona. Plea agreements are contracts that the parties are entitled to have enforced according to their terms. *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971). Accordingly, I must respectfully dissent from the majority's decision.