*296
 
 ALVIN B. RUBIN, Circuit Judge:
 

 Two persons who reside in Texas were criminally charged by the State of Minnesota for violation of Minnesota securities laws and ordered extradited by the Governor of Texas. They seek habeas corpus on the ground that their federal constitutional rights would be violated by their extradition because the Minnesota criminal proceeding was instituted to collect a private debt and as a result of private spleen against them, and because they were denied alleged constitutional rights to a speedy disposition of the extradition proceedings. One of them also asserts that the Bankruptcy Code would be violated by his extradition because he has instituted bankruptcy proceedings in Texas and his presence in Texas is required. Finding no merit in the claims but instead an effort to delay, rather than to obtain, a speedy trial, we affirm the district court orders denying petitioners relief.
 

 I
 

 Orison F. McDonald, II and Herbert Darrell Bomar were charged by Minnesota with the sale of unregistered securities (four counts) and fraud in the sale of securities (five counts). Pursuant to a fugitive warrant issued on the basis of a complaint and information filed by a Minnesota prosecutor, both were arrested in Wichita County, Texas, on March 31, 1981. They were discharged on August 31 because no extradition warrant had been issued. The Governor of Texas issued a warrant on October 16, and the two were again arrested on October 23. They sought habeas corpus from state court on the same day.
 

 The state district court granted the extradition request and its judgment was affirmed on appeal by the Texas Court of Appeals for the Second Supreme Judicial District on March 24, 1982.
 
 [1]
 
 The Texas Court of Criminal Appeals refused a petition for discretionary review, and then denied a motion for rehearing on September 15, 1982. The United States Supreme Court denied the ensuing application for writ of certiorari. Both McDonald and Bo-mar then sought habeas relief in federal court. The district court adopted the findings and conclusions of the magistrate to whom the petitions were referred and denied habeas corpus relief. McDonald also filed complaints seeking habeas relief under 28 U.S.C. § 2256 and an injunction against extradition and criminal prosecution pursuant to 28 U.S.C. § 1651.
 

 II
 

 The extradition clause of the United States Constitution, article IV, § 2, cl. 2, is intended to allow each state to bring offenders to trial as quickly as possible in the state where the offense was committed.
 
 [2]
 
 The Constitution does not contemplate that the asylum state will make a determination of guilt or innocence or conduct “the kind of preliminary inquiry traditionally intervening between the initial arrest and trial.”
 
 Michigan v. Doran,
 
 439 U.S. 282, 288, 99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1979). After the governor of the asylum state has granted extradition, a court in reviewing a petition for habeas relief may decide only “(a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive.” 439 U.S. at 289, 99 S.Ct. at 535, 58 L.Ed.2d at 527. Federal courts are not lightly to interfere in the constitutionally-mandated extradition process. It is not our province to inquire into the motives of the governors of the demanding and asylum states.
 
 [3]
 
 Protection of the right of the demanding state swiftly to try alleged offenders who have left its jurisdiction requires that the courts
 
 *297
 
 of the asylum state review the extradition documents summarily. Courts of the asylum state are limited to determining the factors listed in
 
 Doran,
 
 characterized by the Supreme Court as “historic facts readily verifiable.” 439 U.S. at 289, 99 S.Ct. at 535, 58 L.Ed.2d at 527. They may not conduct a probable cause hearing. Id. at 290, 99 S.Ct. at 536, 58 L.Ed.2d at 528. They may not inquire into the constitutionality of prison conditions in the demanding state.
 
 [4]
 
 On like principle, they may not probe the motives of the prosecutor.
 

 After McDonald and Bomar were arrested, six months elapsed before the Governor of Texas issued an extradition warrant. Two more months passed after the warrant was issued before the habeas corpus hearing was held. McDonald and Bomar assert that these delays denied them speedy trials in violation of the sixth amendment and due process in violation of the fourteenth.
 

 Extradition is not, however, a criminal proceeding.
 
 [5]
 
 It does not involve determination of the guilt or innocence of the person to be extradited and, therefore, does not invoke the same degree of protection of the defendant’s constitutional rights.
 
 [6]
 
 The First and Second Circuits have both declined to apply the sixth amendment right to a “speedy and public trial” to extradition proceedings.
 
 Sabatier v. Dabrowski,
 
 586 F.2d 866, 869 (1st Cir.1978);
 
 Jhirad v. Ferrandina,
 
 536 F.2d 478, 485 n. 9 (2d Cir.),
 
 cert. denied,
 
 429 U.S. 833, 97 S.Ct. 97, 50 L.Ed.2d 98 (1976). We concur in their reasoning and join in their result.
 
 [7]
 
 The applicability of the sixth amendment to extradition is not a factual issue, so neither the state court nor the district court erred in deciding that question without an evidentiary hearing.
 
 Cf.
 
 28 U.S.C. § 2254(d) (1976) (no federal habeas corpus hearing necessary if state court hearing was adequate).
 

 McDonald and Bomar contend that, even if the sixth amendment does not apply to extradition proceedings, the due process clause of the fourteenth amendment provides an independent guarantee of a prompt hearing after an arrest on an extradition warrant. Even assuming that they could establish some prejudice due to the eight-month delay between their arrest and their extradition hearing,
 
 [8]
 
 that inquiry is not appropriate in a habeas corpus hearing challenging their extradition. As we have noted, the Supreme Court has clearly limited the subjects into which a habeas court may inquire when reviewing a challenge to extradition. Moreover, if a writ of habeas corpus were to issue on the basis of delays caused by Texas, the state of Minnesota would effectively be penalized for wrongs committed by Texas.
 
 [9]
 

 Ill
 

 McDonald filed Chapter 11 bankruptcy proceedings in the Bankruptcy Court for the Northern District of Texas as a result of claims asserted against him in many civil suits filed by the investors in his securities transactions. He remains a debtor in possession under Chapter ll.
 
 [10]
 
 McDonald filed separate complaints in his bankruptcy
 
 *298
 
 proceeding, one seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2256,
 
 [11]
 
 and the other seeking to enjoin his extradition and criminal prosecution pursuant to the All Writs Act, 28 U.S.C. § 1651 et seq.
 

 The district court, to which these complaints were transferred, denied certificates of probable cause. The statute requiring a certificate of probable cause for appeal, 28 U.S.C. § 2253, applies to habeas corpus proceedings only, and only when the detention complained of “arises out of process issued by a State court.” Because McDonald was brought before the court on an extradition warrant issued by the Governor of Texas and not on process issued by a state court, no certificate of probable cause to appeal the denial of habeas relief is required. Neither is 28 U.S.C. § 2253 applicable to McDonald’s appeal of the district court’s refusal to enjoin a criminal proceeding, since that refusal is not “a final order in a habeas corpus proceeding.” 28 U.S.C. § 2253 (1976). The absence of certificates of probable cause in these appeals is therefore no barrier to review on the merits.
 

 A bankruptcy court is authorized by 28 U.S.C. § 2256 to issue a writ of habeas corpus to prevent interference with the administration of the bankruptcy estate if the debtor “was arrested or imprisoned on process in any civil action ... issued for the collection of a debt.” McDonald contends that he is entitled to habeas relief under this statute. The contention is not even superficially plausible: his extradition is for the purpose of facing a criminal proceeding, not of collecting a debt. The motive of those who prod the prosecutor is immaterial.
 

 Nor is McDonald entitled to an injunction against his extradition and criminal prosecution pursuant to the All Writs Act. An almost identical claim was squarely rejected by the Eleventh Circuit in
 
 Barnette v. Evans,
 
 673 F.2d 1250 (11th Cir.1982). As the Eleventh Circuit observed, “The purpose of bankruptcy is to protect those in financial, not moral difficulty.”
 
 Id.
 
 at 1251. Moreover, federal courts may not enjoin state criminal proceedings unless there is a great and immediate danger of irreparable harm to the plaintiff’s federally protected rights, which cannot be eliminated by his defense against a single prosecution.
 
 [12]
 
 As in
 
 Barnette,
 
 the danger of irreparable harm to McDonald is merely speculative:
 
 “if
 
 there were a criminal conviction, the mandatory restitution sentence would conflict with the discharge order
 
 if the
 
 debt created by the theft were discharged.... [I]f we had some ham, we could have ham and eggs, if we had some eggs.” 673 F.2d at 1252 (emphasis in original).
 
 [13]
 

 McDonald seeks to distinguish
 
 Barnette
 
 on the ground that the Minnesota prosecution is allegedly brought in bad faith. This court has recognized that a federal court may enjoin a state prosecution “undertaken in retaliation for or to deter the exercise of constitutionally protected rights.”
 
 Wilson v. Thompson,
 
 593 F.2d 1375 (5th Cir.1979). But, even if we were to accept McDonald’s contention that the Minnesota authorities are acting in bad faith, he has failed to demonstrate that any constitutionally protected right is implicated. McDonald asserts that he has “a federal right to have his debts administered through the bankruptcy court.” We have held, however, that a federal court may, as a condition of probation, require an offender to make restitution to his victim for losses caused by his offense, even though the debt occasioned by the offense has been discharged in bankruptcy.
 
 United States v. Carson,
 
 669 F.2d 216 (5th Cir.
 
 *299
 
 1982). It follows that McDonald has no federal right to prevent the Minnesota courts from requiring him to repay debts that are the subject of his bankruptcy proceedings.
 
 See Barnette,
 
 673 F.2d at 1252.
 

 For these reasons, the judgment is AFFIRMED.
 

 [1]
 

 .
 
 Ex parte McDonald,
 
 631 S.W.2d 222 (Tex.Ct.App.1982).
 

 [2]
 

 .
 
 Biddinger v. Commissioner of Police,
 
 245 U.S. 128, 132-33, 38 S.Ct. 41, 42, 62 L.Ed.2d 193 (1917);
 
 Crumley v. Snead,
 
 620 F.2d 481, 483 (5th Cir.1980).
 

 [3]
 

 .United States ex rel. Tyler v. Henderson,
 
 453 F.2d 790, 793 (5th Cir.1971).
 

 [4]
 

 .
 
 Pacileo v. Walker,
 
 449 U.S. 86, 101 S.Ct. 308, 66 L.Ed.2d 304 (1980) (per curiam).
 

 [5]
 

 . The Federal Rules of Criminal Procedure do not apply to extradition proceedings. Fed.R. Crim.P. 54(b)(5).
 

 [6]
 

 .
 
 Simmons v. Braun,
 
 627 F.2d 635 (2d Cir.1980).
 
 See Bingham v. Bradley,
 
 241 U.S. 511, 517, 36 S.Ct. 634, 637, 60 L.Ed. 1136 (1916).
 

 [7]
 

 .
 
 Sabatier
 
 and
 
 Jhirad
 
 were concerned with international extradition proceedings. Their reasoning applies equally, however, to domestic extradition cases.
 

 [8]
 

 .Both McDonald and Bomar were free on bond during this period of delay.
 

 [9]
 

 . We express no opinion on whether McDonald and Bomar might bring a civil rights action under 42 U.S.C. § 1983 on the basis of the delay in holding the extradition hearing.
 
 Cf. Crumley v. Snead,
 
 620 F.2d 481 (5th Cir.1980) (failure to provide pre-extradition habeas corpus hearing actionable under § 1983).
 

 [10]
 

 . Bomar has not filed bankruptcy proceedings and is, therefore, not a party to the two bankruptcy-related cases (Nos. 83-1636 and 83-1731) that have been consolidated on appeal with No. 83-1619.
 

 [11]
 

 . Section 2256 has an effective date of April 1, 1984, but has been effective during the transitional period of the new Bankruptcy Code pursuant to Pub.L. No. 95-598, tit. IV, § 405, 92 Stat. 2686 (1978).
 

 [12]
 

 .
 
 Younger
 
 v.
 
 Harris,
 
 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).
 

 [13]
 

 . McDonald's argument is even more speculative than Barnette’s, since he has not alleged that the Minnesota statute under which he is accused provides for mandatory restitution.