902 F.2d 1569
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David E. PENTON, Petitioner-Appellant,
v.
Earl SMITH, Sheriff, Respondent-Appellee.
 No. 89-3864.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1990.
 
 Before KENNEDY and RYAN, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 David E. Penton, a pro se Ohio prisoner, appeals from the district court's order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254.
 
 
 3
 Challenging an order of extradition of the Governor of Ohio that ordered Penton returned to Texas pursuant to an extradition request from the governor of that state, Penton filed his habeas petition in the district court alleging: (1) that the denial of a stay of execution by the district court deprived him of his opportunity to exhaust his appellate remedies in both the state and federal courts, and (2) that the extradition request sent from Texas to Ohio was unconstitutionally defective.
 
 
 4
 After Penton filed his habeas petition, the district court entered a stay of execution of the extradition order pending exhaustion of Penton's state court remedies. Following Penton's unsuccessful exhaustion of his state court remedies, the district court reviewed the files and records, found that Penton's first claim was moot and his second claim was meritless, and dismissed the case. Penton has filed a timely appeal. On appeal, he asserts that the district court erred in dismissing his habeas petition because federal law requires a higher standard of regularity in extradition (rendition) proceedings between states than what was applied at the state court level. In addition, Penton has also filed a motion seeking the appointment of counsel and permission to proceed in forma pauperis on appeal.
 
 
 5
 Upon review, we affirm the district court's judgment. Penton's assertion that federal law requires a higher standard of regularity in extradition proceedings than do the state courts is meritless.
 
 
 6
 Judicial review under a given state's Uniform Criminal Extradition Act is strictly limited to determining: (1) whether the extradition documents are in order; (2) whether the petitioner has been charged with a crime in the demanding state; (3) whether the petitioner is the named person; and (4) whether the petitioner is a fugitive. California v. Superior Court of California, 482 U.S. 400, 408 (1987); Cf. Puerto Rico v. Branstad, 483 U.S. 219 (1987).
 
 
 7
 Penton essentially complained before both the state and federal courts that the extradition documents were defective. Specifically, Penton contended that the rendition (extradition) package was defective because it did not contain either an information supported by an affidavit or a copy of an indictment.
 
 
 8
 The Ohio courts considered Penton's claims under the applicable state statute, Ohio Rev.Code Ann. Sec. 2963.03 (Baldwin 1986) and found that the rendition package was not defective as a matter of state law. This decision is binding on the federal courts. See Olsen v. McFaul, 843 F.2d 918, 929 (6th Cir.1988).
 
 
 9
 Further, the district court correctly concluded that Penton's claims were meritless based upon the limited standard of review applicable to extradition cases. Cf. Chamberlain v. Celeste, 729 F.2d 1071 (6th Cir.1984). Penton's reliance on the Uniform Extradition and Rendition Act promulgated by the National Conference of Commissioners on Uniform State Laws in 1980 is misplaced. The "act" is not a federal law and it has only been enacted in North Dakota. Thus, the "act" has no impact whatsoever on the outcome of this case.
 
 
 10
 Finally, since Penton is already proceeding in forma pauperis before this court, his motion for in forma pauperis status on appeal is now moot.
 
 
 11
 Accordingly, the motion for the appointment of counsel and for in forma pauperis status is denied and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.