**David COUNGERIS, Petitioner–
Appellant,**

v.

**Michael F. SHEAHAN, Sheriff of Cook
County, et al., Respondents–
Appellees.**

**No. 92–3229.**

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 30, 1993.*

Decided Dec. 9, 1993.

Rehearing Denied Jan. 4, 1994.

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

Edward H. Mogul, Chicago, IL, for petitioner-appellant.

Terry L. McDonald, Asst. States Atty., William P. Pistorius, Asst. Atty. Gen., Office of the State's Atty. of Cook County, Federal Litigation Div., Chicago, IL, for Michael F. Sheahan.

Terence M. Madsen, Asst. Atty. Gen., Steven J. Zick, Office of the Atty. Gen., Crim. Appeals Div., Chicago, IL, for Atty. Gen. of the State of Ill.

Before POSNER, Chief Judge, RIPPLE and ROVNER, Circuit Judges.

RIPPLE, Circuit Judge.

David Coungeris brought this petition for a writ of habeas corpus to challenge his extradition to Michigan. The district court denied the petition, and Mr. Coungeris appealed. We affirm.

On November 3, 1988, after receiving a requisition warrant from the governor of Michigan, the governor of Illinois issued an arrest warrant for Mr. Coungeris. The application for requisition stated that "on or about July, 1988," Mr. Coungeris was charged in Michigan with second degree criminal sexual conduct involving a child under the age of thirteen years. Mr. Coungeris sought a writ of habeas corpus in the Illinois circuit court; he contested his extradition on the ground that no specific date for the commission of the crime was alleged in the requisition papers. That court granted the petition, but the Illinois Appellate Court reversed, on the ground that "the extradition documents on their face are valid and the trial court should have granted extradition." The Illinois Supreme Court denied leave to

appeal, but granted a stay of its mandate pending resolution of this § 2254 petition.

■ The duty of states to extradite persons to other states is rooted in the Extradition Clause of the Constitution of the United States. That clause provides:

A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime.

Art. IV, § 2, cl. 2. The Extradition Clause has been implemented by a federal statute, 18 U.S.C. § 3182, and by the Uniform Criminal Extradition Act ("UCEA"). *Michigan v. Doran*, 439 U.S. 282, 287, 99 S.Ct. 530, 534, 58 L.Ed.2d 521 (1978). The UCEA, where adopted, governs state extradition procedures, in conjunction with overriding federal law. *Id.* at 288–89, 99 S.Ct. at 535–36. Illinois has adopted the UCEA. 725 ILCS 225/1, *et seq.; People ex rel. Shockley v. Hardiman*, 152 Ill.App.3d 38, 105 Ill.Dec. 240, 245, 504 N.E.2d 109, 114 (1987).

■ Extradition is intended to be "a summary and mandatory executive proceeding." *Michigan v. Doran*, 439 U.S. at 288, 99 S.Ct. at 535, *quoted in Pacileo v. Walker*, 449 U.S. 86, 87, 101 S.Ct. 308, 309, 66 L.Ed.2d 304 (1980); *see also California v. Superior Court of California*, 482 U.S. 400, 407, 107 S.Ct. 2433, 2438, 96 L.Ed.2d 332 (1987) (stating Congressional intent that extradition be a summary procedure). Its purpose is "to preclude any state from becoming a sanctuary for fugitives from justice of another state." *Michigan v. Doran*, 439 U.S. at 287, 99 S.Ct. at 534, *quoted in Puerto Rico v. Branstad*, 483 U.S. 219, 227, 107 S.Ct. 2802, 2808, 97 L.Ed.2d 187 (1987). The Extradition Clause "never contemplated that the asylum state was to conduct the kind of preliminary inquiry traditionally intervening between the initial arrest and trial." *Michigan v. Doran*, 439 U.S. at 288, 99 S.Ct. at 535.

■ Once the governor of the state where the crime was committed has demanded extradition, and the governor of the asylum state has granted it, a court considering release pursuant to a petition for a writ of habeas corpus

can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive. These are historic facts readily verifiable.

*Michigan v. Doran*, 439 U.S. at 289, 99 S.Ct. at 535, *quoted in Pacileo v. Walker*, 449 U.S. at 87, 101 S.Ct. at 309; *see also California v. Superior Court of California*, 482 U.S. at 408, 107 S.Ct. at 2439.

■ Mr. Coungeris argues that the Illinois Appellate Court ignored these federal law requirements in upholding his extradition to Michigan. The Illinois Appellate Court considered Mr. Coungeris' challenge to his extradition pursuant to the provisions of the UCEA. Under Illinois law construing the UCEA, the inquiry a court is required to make is limited to determining: (1) whether the extradition documents on their face were regular in form; (2) whether the petitioner had been charged with a crime in the demanding state; (3) whether the petitioner was the person named in the extradition request; and (4) whether the petitioner was a fugitive. *People ex rel. Shockley v. Hardiman*, 105 Ill.Dec. at 243, 504 N.E.2d at 112. Because this inquiry is indistinguishable from the one set forth by the Supreme Court of the United States in *Michigan v. Doran*, the district court was correct when it concluded that "[f]ederal law does not require the court of the asylum state to do more than the Illinois court did here."

■ Applying these four factors, the Illinois Appellate Court determined that extradition was proper, and the district judge found this determination to be fairly supported by the record. Mr. Coungeris has presented no basis for disturbing the findings of the Illinois Appellate Court. The fact that the date of Mr. Coungeris' offense was not alleged with greater particularity does not prevent his extradition. "Strict accuracy" of statements in requisition papers is not re-

quired. *United States ex rel. Jackson v. Meyering,* 54 F.2d 621, 622 (7th Cir.1931), *cert. denied,* 286 U.S. 542, 52 S.Ct. 498, 76 L.Ed. 1280 (1932); *see also Campbell v. Shapp,* 385 F.Supp. 305, 308–09 (E.D.Pa. 1974), *aff'd,* 521 F.2d 1398 (3d Cir.1975), *cert. denied,* 424 U.S. 912, 96 S.Ct. 1110, 47 L.Ed.2d 316 (1976); *Stumpf v. Matthews,* 195 F.2d 35, 36 (D.C.Cir.1952).

■ The essence of Mr. Coungeris' argument is that he was not allowed to defend the sufficiency of the charges against him in the asylum state of Illinois. The Extradition Clause, however, does not permit an inquiry by the asylum state into whether the charging instrument can withstand a motion to dismiss. *See California v. Superior Court of California,* 482 U.S. at 407–08, 107 S.Ct. at 2438–39 ("[E]xtradition proceedings are 'to be kept within narrow bounds'; they are 'emphatically' not the appropriate time or place for entertaining defenses or determining the guilt or innocence of the charged party."), *quoted in Strachan v. Colon,* 941 F.2d 128, 131 (2d Cir.1991). Such a challenge is properly left to the prosecutors and courts of the demanding state of Michigan. *California v. Superior Court of California,* 482 U.S. at 408, 107 S.Ct. at 2439.

AFFIRMED.