**Guy Wayne SIMMONS, a/k/a Gary Flack, Petitioner-Appellant,**

v.

**Kenneth R. BRAUN, Sheriff Erie County, N.Y. and Joseph Foreman, Superintendent, Erie County Holding Center, Respondents-Appellees.**

**No. 1390, Docket 79–2196.**

United States Court of Appeals, Second Circuit.

Argued July 23, 1980.

Decided Aug. 14, 1980.

George P. Doyle, Doyle, Denman & D'Amico, Buffalo, N. Y., on brief, for petitioner-appellant.

Roger P. Williams, Asst. U. S. Atty., Richard J. Arcara, U. S. Atty., Buffalo, N. Y., of counsel, for respondents-appellees.

Before VAN GRAAFEILAND and NEWMAN, Circuit Judges, and NEAHER, District Judge.*

VAN GRAAFEILAND, Circuit Judge:

In 1975, Guy Wayne Simmons was convicted on two counts of robbery in the Province of Ontario, Canada. He was sentenced to two years on one count and seven years on the other. After being released on bond pending appeal, he disappeared. The appeal was dismissed, and a warrant for his arrest is outstanding.

In 1979, in Niagara Falls, New York, officers of the Drug Enforcement Administration and the United States Immigration Department stopped a vehicle containing four persons believed to be involved in illegal drug activities. One of the passengers, an alleged California resident by the name of Gary Flack, proved to be Guy Wayne Simmons. Because a quantity of stolen jewelry was found in the trunk of the car, Simmons was arrested and charged with criminal possession of stolen property. Later, a complaint was filed against him under 18 U.S.C. § 911 for falsely representing himself to be a citizen of the United States.

Although the record is not clear, it appears that appellant was not prosecuted under either charge. Instead, an extradition warrant was issued, and a hearing held before United States Magistrate Edmund F. Maxwell, who found Flack and Simmons to be one and the same and issued an order of extraditability. Appellant's petition for habeas corpus relief was denied by Chief Judge John T. Curtin of the Western District of New York, and this appeal followed.

It is appellant's contention that the stop and search of the vehicle in which he was riding was without probable cause and that therefore his subsequent identification by Canadian police officers should have been excluded from the extradition hearings as fruit of the poisonous tree. In short, appellant urges that the exclusionary rule applicable to criminal trials should govern the admission of evidence in extradition hearings. This argument overlooks the basic differences in the two types of proceedings.

██ An extradition proceeding is not a criminal trial in which the guilt or innocence of an accused is adjudicated. *Jhirad v. Ferrandina*, 536 F.2d 478, 482 (2d Cir.), *cert. denied*, 429 U.S. 833, 97 S.Ct. 97, 50 L.Ed.2d 98 (1976); *Sabatier v. Dabrowski*, 586 F.2d 866, 869 (1st Cir. 1978). The purpose of the hearing is simply to determine whether the evidence of the fugitive's criminal conduct is sufficient to justify his extradition under an appropriate treaty. The Federal Rules of Criminal Procedure are not applicable. *See* Rule 54(b)(5). Neither are the evidentiary rules of criminal litigation. *United States v. Mulligan*, 50 F.2d 687, 688 (2d Cir.), *cert. denied*, 284 U.S. 665 (1931). Hearsay evidence is admissible. *Id.* Unsworn statements of absent witnesses may be considered. *Collins v. Loisel*, 259 U.S. 309, 317, 42 S.Ct. 469, 472, 66 L.Ed. 956 (1922). There is no inherent right to the confrontation and cross-examination of witnesses. *Bingham v. Bradley*, 241 U.S. 511, 517, 36 S.Ct. 634, 637, 60 L.Ed. 1136 (1916). Moreover, the exclusionary rule is not appli-

---

* Edward R. Neaher, District Judge of the Eastern District of New York, sitting by designation.

cable to all stages of even domestic law enforcement, *see, e.g., United States v. Calandra,* 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974) (grand jury proceedings), and is primarily justified where exclusion of illegally obtained evidence will serve to deter Fourth Amendment violations. *See Stone v. Powell,* 428 U.S. 465, 486, 96 S.Ct. 3037, 3048, 49 L.Ed.2d 1067 (1976). Such deterrent effect upon police conduct as has already been achieved by excluding illegally obtained evidence in prosecution of domestic crime would not be enhanced to any significant degree by also excluding that evidence from extradition proceedings. It is totally unrealistic to think that agents will unlawfully arrest people on the off chance that they may be wanted by a foreign government.

In reviewing an extradition order on habeas corpus, a judge is concerned only with whether the fugitive's alleged offense was covered by an extradition treaty and a magistrate with jurisdiction was presented with any evidence warranting a finding that there was reasonable ground to believe the fugitive guilty. Appellant has had that review by an able and conscientious judge who has dismissed the writ. We find no error here. Application of the exclusionary rule as urged herein would mean that appellant, convicted and sentenced to seven years imprisonment in Canada, could gain permanent sanctuary in the United States on the ground that his allegedly illegal arrest in connection with an unrelated crime precluded forever his identification by Canadian police as "fruit of the poisonous tree."

The judgment appealed from is affirmed. Mandate shall issue forthwith.