**Vincent John LIBERTO,**
**Petitioner-Appellant,**

v.

**R. EMERY, Sheriff of Montgomery**
**County, Respondent-Appellee.**

**No. 263, Docket 83–2212.**

United States Court of Appeals,
Second Circuit.

Submitted Oct. 25, 1983.
Decided Dec. 13, 1983.

Edward M. Chikofsky, New York City (Ronald G. Russo, Russo, Silverman & Vitaliano, New York City, on brief), for petitioner-appellant.

George A. Yanthis, Asst. U.S. Atty., Albany, N.Y. (Frederick J. Scullin, Jr., U.S. Atty., N.D.N.Y., Albany, N.Y.), for respondent-appellee.

Before OAKES and KEARSE, Circuit

Judges, and WYZANSKI, District Judge.*

PER CURIAM:

Petitioner Vincent John Liberto appeals from a judgment of the United States District Court for the Northern District of New York, Howard G. Munson, *Chief Judge,* denying his petitions for a writ of habeas corpus to prevent his extradition to the United Kingdom. On appeal Liberto contends that the writ should have been granted because (1) the United Kingdom's request for his extradition was untimely, (2) the United States has delayed impermissibly in effecting his extradition, and (3) the relevant extradition treaty does not authorize Liberto's extradition because the crimes of which Liberto was convicted in the United Kingdom either are not extraditable offenses or were barred by the statute of limitations. Finding no merit in Liberto's contentions, we affirm the judgment of the district court.

## BACKGROUND

In June 1979, Liberto was convicted in the United Kingdom's Central Criminal Court of nine offenses against the laws of the United Kingdom. The offenses included two counts of making a false statement for the purpose of obtaining a passport, two counts of conspiracy to supply cocaine, two counts of possession of cocaine with intent to supply it to another, one count of unlawfully possessing cocaine, one count of uttering a forged United States passport with intent to defraud, and one count of conspiracy to import cocaine. Liberto was sentenced to ten years' imprisonment and was thereafter imprisoned. In December 1979, he was taken from prison to a hospital for treatment. He escaped from the hospital and remained at large until August 27, 1982.

---

* Honorable Charles E. Wyzanski, Jr., Senior Judge of the District of Massachusetts, sitting by designation.

1. There is authority to the effect that review of the denial of habeas corpus in an extradition proceeding is

On August 27, 1982, Liberto was apprehended as he attempted to enter the United States from Canada. On that date, a warrant was issued for Liberto's arrest pursuant to 18 U.S.C. § 3184 (1976) and the Extradition Treaty between the Government of the United States of America and the Government of the United Kingdom of Great Britain and Northern Ireland, October 21, 1976, 28 U.S.T. 229, T.I.A.S. No. 8468 (the "Treaty").

On October 12, 1982, the United Kingdom filed a Request for Extradition (the "Request") pursuant to the Treaty. On that date, Liberto filed a petition for a writ of habeas corpus on the ground that the Request was untimely because it was filed on the 46th day after his arrest, whereas the Treaty required that a request be filed within 45 days after an arrest. *See* art. VIII(2), 28 U.S.T. at 232, T.I.A.S. No. 8468, at 4. Without commenting on Liberto's untimeliness contention, United States Magistrate Ralph W. Smith, Jr., implicitly denied the petition and certified that Liberto was extraditable pursuant to the Treaty. (Magistrate's Report dated October 25, 1982.)

Liberto filed a new petition for habeas corpus on November 4, 1982, again challenging the timeliness of the United Kingdom's Request, and challenging various aspects of the October 25, 1982 certification of his extraditability. Upon the recommendation of United States Magistrate Edward M. Conan, the district court denied this petition for habeas corpus as without merit.

This appeal followed.

## DISCUSSION

 On appeal Liberto principally renews his contention that the United Kingdom's Request was untimely because it was filed 46 days after his arrest.[1] The conten-

---

limited to whether the judge who conducted the extradition hearing had jurisdiction to do so, whether the extradition court had jurisdiction, whether the alleged offense was covered by an extradition treaty, and whether the extradition judge was presented with evidence which warranted a finding that there

tion is without merit.[2]

Article VIII(2) of the Treaty provides that a person provisionally arrested pursuant to an application through diplomatic channels "shall be set at liberty upon the expiration of forty-five days from the date of arrest if a request for his extradition shall not have been received." 28 U.S.T. at 232, T.I.A.S. No. 8468, at 4. It is undisputed that the United Kingdom's request for Liberto's extradition did not arrive at the State Department until the 46th day after his arrest. The 45th day, October 11, 1982, was Columbus Day, a legal holiday.

In the normal course of events in court proceedings, either civil or criminal, when the last day for the doing of an act, such as filing a motion or other application, falls on a legal holiday, the period is deemed to end on the next business day. Thus, Fed.R. Crim.P. 45(a) provides as follows:

> In computing any period of time the day of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday .... As used in these rules, "legal holiday" includes ... Columbus Day....

*See also* Fed.R.Civ.P. 6(a). We see no reason not to apply a like rule to the timing of

requests for extradition pursuant to a treaty. Indeed, an extradition treaty "should be construed *more* liberally than a criminal statute or the technical requirements of civil procedure." *Factor v. Laubenheimer,* 290 U.S. 276, 298, 54 S.Ct. 191, 197, 78 L.Ed. 315 (1933) (emphasis added); *see First National City Bank v. Aristeguieta,* 287 F.2d 219, 226–227 (2d Cir. 1960).

If the 45-day period provided by Article VIII(2) were properly to be construed as a statute of limitations, we would be more wary of ruling that the period for requesting extradition is extended when the 45th day falls on a holiday. *See United States v. Guerro,* 694 F.2d 898, 901–02 n. 5 (2d Cir. 1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1230, 75 L.Ed.2d 463 (1983). It is evident, however, that Article VIII(2) was not intended to be the equivalent of a statute of repose since, after establishing the 45-day period, it goes on to provide that "[t]his provision shall not prevent the institution of further proceedings for the extradition of the person sought if a request is subsequently received." 28 U.S.T. at 232, T.I.A.S. No. 8468, at 4.

Accordingly, we conclude that the request of the United Kingdom for Liberto's extradition was timely and that Liberto's petitions for habeas corpus were properly denied. The judgment of the district court is affirmed.

---

was reasonable ground to believe that the accused was guilty.
*Melia v. United States,* 667 F.2d 300, 302 (2d Cir.1981) (citing *Fernandez v. Phillips,* 268 U.S. 311, 312, 45 S.Ct. 541, 542, 69 L.Ed. 970 (1925)); *Simmons v. Braun,* 627 F.2d 635, 636–37 (2d Cir.1980). Liberto's first habeas petition was not governed by this principle since when it was filed there had been no adjudication of his extraditability.

**2.** Nor do we see any merit in Liberto's contention that the crimes of which he was convicted in the United Kingdom are not extraditable offenses under the treaty. Each of the offenses of which he was convicted is punishable by imprisonment for more than one year under either federal or New York law. Provisions of the treaty barring extradition where "the prosecution for the offense for which extradition is requested has become barred by lapse of time," art. V(1)(b), 28 U.S.T. at 230, T.I.A.S. No. 8468,

at 2, are not pertinent here where the prosecution has already occurred, resulting in convictions, and extradition is sought to compel the convicted felon to serve the sentences imposed on him.

Liberto's contention that he is entitled to be set free because the government did not convey him out of the United States within two calendar months after his extradition commitment, as required by 18 U.S.C. § 3188 (1976), is not properly before us because it was not raised in the district court. We note, in any event, that the contention has no merit since the two-month period does not begin to run until there has been a final adjudication of the extradition request; Liberto's own habeas corpus petitions have delayed such a final adjudication. *See Jimenez v. United States District Court,* 84 S.Ct. 14, 18, 11 L.Ed.2d 30 (1963) (Goldberg, J., in chambers). The pertinent two-month period has not expired.