Rocco **MESSINA** and Charles J. **Arico,** a/k/a "Charles J. **Pido,**" Appellants,

v.

**UNITED STATES of America, Appellee.**

Cal. Nos. 641, 642, Dockets 83–2336, 83–2338.

United States Court of Appeals, Second Circuit.

Argued Dec. 8, 1983.

Decided Feb. 7, 1984.

Kenneth A. Reiver, Cedarhurst, N.Y., for appellant Messina.

Louis M. Freeman, New York City (Freeman, Nooter & Ginsberg, New York City, of counsel), for appellant Arico.

Reena Raggi, Asst. U.S. Atty., Brooklyn, N.Y. (Raymond J. Dearie, U.S. Atty. and Allyne R. Ross, Asst. U.S. Atty., E.D.N.Y., Brooklyn, N.Y., of counsel), for appellee.

Before TIMBERS, VAN GRAAFEILAND and NEWMAN, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

Rocco Messina and Charles Arico appeal from an order of the United States District Court for the Eastern District of New York (Glasser, J.) denying appellants' petitions for writs of habeas corpus. Pursuant to the Treaty on Extradition between the United States and Italy, Italy had requested the extradition of appellants for committing the crimes of aggravated attempted extortion and aggravated private violence, in violation of Italian law. After conducting an extradition hearing and finding probable cause to believe that appellants had committed the crimes with which they were charged, Judge Glasser certified their extraditability. Appellants' petitions for writs of habeas corpus were denied, and this appeal is from that denial.

Because it appeared at the hearing before us that there might have been a misunderstanding whether tapes of certain telephone calls had been forwarded from Italy with the other documents requesting extradition, we remanded the matter to the district court for clarification on this point. We

now have been informed by Judge Glasser that he had the tapes before him on the original hearing and that he listened to them. His decision, however, was based on the transcripts of the tapes which also were before him. Insofar as the district judge was concerned, there was no misunderstanding. Accordingly, we may proceed to the merits.

Michele Sindona was an Italian financier whose "massive, complicated, and unscrupulous" machinations played a major role in the collapse of the Franklin National Bank. *See United States v. Sindona,* 636 F.2d 792, 795 (2d Cir.1980), *cert. denied,* 451 U.S. 912, 101 S.Ct. 1984, 68 L.Ed.2d 302 (1981). Many of these machinations involved the improper use of deposits in Italian banks which Sindona controlled. *Id.* at 796–97. Although Sindona currently is serving a twenty-five year sentence as a result of his 1980 conviction in the United States District Court for the Southern District of New York, Italy has sought and continues to seek his extradition so that he can be tried for his criminal activities in that country. *See, e.g., Matter of Sindona,* 450 F.Supp. 672 (S.D.N.Y.1978).

One of the problems that has faced both American and Italian authorities has been the murder or intimidation of potential prosecution witnesses. For example, after the murder of one Giorgio Ambrosoli who was scheduled to testify in the 1980 trial, four Italian witnesses refused to come to New York and testify. *United States v. Sindona, supra,* 636 F.2d at 802–04.

Giorgio Ambrosoli was the liquidator of Banca Privata Italiana, one of the Italian banks controlled by Sindona, which was forced into liquidation. Sindona wanted to work out a settlement plan for this bank and tried to force Enrico Cuccia, a prominent Italian banker, to help him secure governmental approval of the proposed plan. Cuccia reported to Italian authorities that, between 1977 and 1980, he had received numerous threats directed against both him and members of his family. These included a series of anonymous telephone calls which were accompanied by demands for both cooperation and money.

Two such calls, which were received on March 28, 1980, were taped by the Italian police. The tapes were played for Henry Hill, an American who knew appellants. Hill identified the anonymous caller on the first tape as Messina and the caller on the second tape as Arico. Ronald Ehnes, a Deputy United States Marshal, also identified the second caller as Arico. Relying in part on the sworn affidavits of these two men and transcripts of the taped threats, Judge Glasser certified that appellants were extraditable to Italy to answer the charges against them in that country. Those charges, which were based on the March 28 telephone calls, accused appellants of aggravated attempted extortion, aggravated private violence, and complicity in the commission of those crimes.

On this appeal from the denial of habeas corpus, we are concerned only with whether appellants' alleged offenses were covered by an extradition treaty and whether an official with jurisdiction was presented with any evidence warranting a finding that there was reasonable ground to believe appellants guilty. *Fernandez v. Phillips,* 268 U.S. 311, 312, 45 S.Ct. 541, 542, 69 L.Ed. 970 (1925); *Simmons v. Braun,* 627 F.2d 635, 637 (2d Cir.1980). We are satisfied that both questions must be answered in the affirmative.

 We find no merit in appellants' contention that the offenses for which they are being extradited are "not punishable by the laws of both Contracting Parties", as required by the terms of the Extradition Treaty between the United States and Italy. The requirement of the Treaty is met if the particular acts charged are criminal in both jurisdictions, regardless of whether the crimes bear the same names. *Collins v. Loisel,* 259 U.S. 309, 312, 42 S.Ct. 469, 470, 66 L.Ed. 956 (1922). The Italian offenses with which appellants are charged are in the nature of extortion. Looking to both federal and state law, as he was permitted to do, *see Hu Yau-Leung v. Soscia,* 649 F.2d 914, 918–19 (2d Cir.), *cert. denied,* 454 U.S.

971, 102 S.Ct. 519, 70 L.Ed.2d 389 (1981), the extraditing judge had no difficulty in finding similar federal and state statutes. *See, e.g.,* 18 U.S.C. § 1952; N.Y.Penal Law § 135.65.

■ We likewise find no merit in appellants' contention that the extradition proceedings were defective in some manner because the district court did not grant appellants' motion for discovery of the tapes. As has been pointed out repeatedly, "[a]n extradition hearing is not the occasion for an adjudication of guilt or innocence." *Melia v. United States,* 667 F.2d 300, 302 (2d Cir.1981). The evidentiary rules of criminal litigation are not applicable. *Id.; Simmons v. Braun, supra,* 627 F.2d at 636; Fed.R.Crim.P. 54(b)(5); Fed.R.Evid. 1101(d)(3). As in the case of a grand jury proceeding, a defendant has no right to cross-examine witnesses or introduce evidence to rebut that of the prosecutor. *Charlton v. Kelly,* 229 U.S. 447, 462, 33 S.Ct. 945, 57 L.Ed. 1274 (1913); *see United States v. Y. Hata & Co.,* 535 F.2d 508, 512 (9th Cir.), *cert. denied,* 429 U.S. 828, 97 S.Ct. 87, 50 L.Ed.2d 92 (1976). In the exercise of the extraditing judge's discretion, a fugitive may be permitted to offer explanatory testimony, but may not offer proof which contradicts that of the demanding country. *United States ex rel. Petrushansky v. Marasco,* 325 F.2d 562, 567 (2d Cir.1963), *cert. denied,* 376 U.S. 952, 84 S.Ct. 969, 11 L.Ed.2d 971 (1964). However, the "wrongful exclusion of specific pieces of evidence, however important, does not render the detention illegal." *Collins v. Loisel, supra,* 259 U.S. at 316, 42 S.Ct. at 472; *see United States ex rel. Hughes v. Gault,* 271 U.S. 142, 151, 46 S.Ct. 459, 460, 70 L.Ed. 875 (1926).

■ Appellants' argument that the affidavits of Hill and Ehnes, sworn to before a Notary Public, were not statements under oath as required by the Treaty, is specious. *See* N.Y.Penal Law § 210.00(1); N.Y.Civ. Prac.Law § 2309(a); N.Y.Real Prop. Law § 298(1)(d). Appellants' attack on the adequacy of the Certification of Authenticity by the United States Ambassador to Italy is equally meritless. *See Galanis v. Pallanck,*

568 F.2d 234, 240 (2d Cir.1977); 18 U.S.C. § 3190.

Being satisfied that, upon competent and satisfactory proof submitted to the certifying judge, the Italian government made out a case which justified holding appellants to answer the charges against them, *see Sindona v. Grant,* 619 F.2d 167, 175 (2d Cir.1980), we affirm.

Mandate shall issue forthwith.