Rosario **SPATOLA,**
Petitioner–Appellant,

v.

**UNITED STATES of America,**
Respondent–Appellee.

**No. 670, Docket 90–2327.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 28, 1990.
Decided Feb. 19, 1991.

Edward S. Panzer, New York City (Lionel R. Saporta, Elan Gerstmann, New York City, of counsel), for petitioner-appellant.

Eric Friedberg, Asst. U.S. Atty., Brooklyn (Andrew J. Maloney, U.S. Atty., E.D. N.Y., David C. James, Asst. U.S. Atty., of counsel), for respondent-appellee.

Before ALTIMARI and MAHONEY, Circuit Judges, and GLASSER, District Judge.*

ALTIMARI, Circuit Judge:

Petitioner-appellant Rosario Spatola appeals from a judgment, entered in the United States District Court for the Eastern District of New York (John R. Bartels, Judge), denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Spatola's petition for habeas corpus relief challenged United States Magistrate John L. Caden's order certifying the Republic of Italy's request to extradite him pursuant to an extradition treaty between the United States and Italy. *See* Treaty on Extradition Between the Government of the United States of America and the Government of the Republic of Italy, Oct. 13, 1983 (the "Treaty"), —— U.S.T. ——, T.I.A.S. No. 10837, *reprinted in* 24 I.L.M. 1525.

In June 1989, the Republic of Italy requested Spatola's extradition to stand trial on a bribery charge and to serve the remainder of a sentence imposed for prior convictions. After conducting a hearing, Magistrate Caden certified Italy's request to extradite Spatola to complete his term of incarceration for two of the three crimes of which he had been convicted and denied its request to extradite him in order to try him on the bribery charge. The magistrate found that there was probable cause to believe that Spatola committed the crimes for which he had been sentenced and that the conduct underlying two of these offenses satisfied the "dual criminality" requirement of the Treaty. *See* Treaty, Art. II.

Spatola then filed a petition for a writ of habeas corpus in the district court, challenging the magistrate's order. In a well-reasoned opinion, Judge Bartels rejected Spatola's arguments and accordingly denied his petition for habeas corpus relief. Spatola now appeals from the district court's decision.

For the reasons set forth below, we affirm the judgment of the district court.

## BACKGROUND

In 1983, after a trial in an Italian court at which Spatola was present and represented by counsel, Spatola was convicted of association to commit crimes, association to commit crimes aimed at drug trafficking, and failure to surrender foreign currency. Based on these convictions ("the 1983 convictions"), Spatola was sentenced to thirteen years in prison—with two years of this sentence to be "remitted"—and was fined eighty million lire. Spatola served a portion of this sentence and was then re-

---

* The Honorable I. Leo Glasser, United States District Court for the Eastern District of New York, sitting by designation.

leased pending appeal. Approximately two months after his release, he was convicted of bribing a public official, Giuseppe Vetere, pursuant to Italian Penal Code Article 319.

On December 20, 1984, the Court of Appeal of Palermo affirmed Spatola's 1983 convictions. However, the court reduced his sentence from thirteen years to ten years with another two years to be remitted. Because Spatola lost his appeal, he was required to return to prison. Instead of complying with the court's judgment, Spatola fled to the United States in order to avoid imprisonment. Nearly one year later, the sentence imposed by the Court of Appeal of Palermo became final.

Uncertain of Spatola's whereabouts, the District Attorney General at Palermo, on March 12, 1986, issued a warrant for Spatola's arrest, seeking his return to serve the remainder of his sentence. Subsequently, on May 21, 1987, the Investigative Magistrate at the Tribunal of Palermo issued a warrant for Spatola's arrest in connection with a charge leveled against him for bribing a public official, Vito Ciancimino.

Approximately six months after the second warrant was issued, the Court of Appeal of Palermo reversed Spatola's conviction for bribing Giuseppe Vetere. The court held that Spatola should have been charged under Article 318 of the Penal Code instead of under Article 319. Consequently, because the statute of limitations had expired on the Article 318 charge, the court dismissed the Vetere bribery charge.

Over one year later, Spatola was discovered in the United States and was arrested on May 8, 1989, pursuant to the warrants issued by the Republic of Italy. Shortly thereafter, Italy made a formal request for Spatola's extradition.

On August 24, 1989, Magistrate Caden of the Eastern District of New York held an extradition hearing pursuant to 18 U.S.C. § 3184. The magistrate granted Italy's request to extradite Spatola to serve the remainder of his sentence for each of the 1983 convictions other than the foreign currency conviction. However, the court denied Italy's request for extradition to try Spatola on the Ciancimino bribery charge.

Spatola then brought this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the magistrate's extradition order. The government did not contest the magistrate's determination that Spatola could not be extradited on either the foreign currency conviction or the bribery charge. A stay of extradition pending the disposition of the petition was entered in the United States District Court for the Eastern District of New York. Subsequently, the district court, determining that there was probable cause to believe that Spatola committed offenses in Italy which are clearly illegal in the United States, dismissed Spatola's petition. This appeal followed.

## DISCUSSION

An order certifying a request for extradition cannot be reviewed on direct appeal because "[e]xtradition orders do not ... constitute 'final decisions of a district court,' appealable as of right under 28 U.S.C. § 1291." *Jhirad v. Ferrandina,* 536 F.2d 478, 482 (2d Cir.), *cert. denied,* 429 U.S. 833, 97 S.Ct. 97, 50 L.Ed.2d 98 (1976). Instead, a party who is to be extradited—a relator—may obtain limited review of an extradition order by seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In this context, *"habeas corpus* is available only to inquire whether the magistrate had jurisdiction, whether the offen[s]e charged is within the treaty and, by a somewhat liberal extension, whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty." *Fernandez v. Phillips,* 268 U.S. 311, 312, 45 S.Ct. 541, 542, 69 L.Ed. 970 (1925) (citations omitted); *see Ahmad v. Wigen,* 910 F.2d 1063, 1064–5 (2d Cir.1990); *Messina v. United States,* 728 F.2d 77, 79 (2d Cir.1984); *Simmons v. Braun,* 627 F.2d 635, 637 (2d Cir.1980). Therefore, the district court's review of Magistrate Caden's order was narrow in scope. Because we find that the district court did not err in reviewing the order of extradition, we affirm its decision to deny petitioner habeas corpus relief.

Before certifying an extradition order, a judicial officer must conduct a hearing to determine whether there exists "evi-

dence sufficient to sustain the charge under the provisions of the proper treaty." 18 U.S.C. § 3184. In essence, the court must analyze if there is probable cause to believe that the individual committed acts alleged in the extradition request. *See Caltagirone v. Grant*, 629 F.2d 739, 745–46 (2d Cir.1980); *Restatement (Third) of the Foreign Relations Law of the United States* § 476 comment b (1987) ("*Restatement 3d*"). Indeed, a judicial officer need not "predict that [a foreign] court would convict [the relator]," *Ahmad v. Wigen*, 910 F.2d at 1066, it need only find evidence to "support a reasonable belief that [the relator] was guilty of the crime charged." *Id.*

■ In his petition for habeas corpus relief, Spatola argued that the magistrate erred by premising his probable cause analysis on a certified copy of the Italian appellate opinion affirming the 1983 convictions, rather than making an independent assessment of the facts surrounding these offenses. The district court rejected this argument, finding that in those cases where "there has been a judgment of conviction [entered by a foreign court], there is no need for an 'independent' determination of probable cause: the relator's guilt is an adjudicated fact which *a fortiori* establishes probable cause." *Spatola v. United States*, 741 F.Supp. 362, 374 (E.D.N.Y. 1990). We agree with the district court's determination.

Spatola's 1983 convictions were obtained following a trial at which Spatola was present and represented by counsel. To hold that such convictions do not constitute probable cause in the United States would require United States judicial officers to review trial records and, consequently, substitute their judgment for that of foreign judges and juries. Such an inquiry would be inconsistent with principles of comity.

[T]he central precept of comity teaches that, when possible, the decisions of foreign tribunals should be given effect in domestic courts, since recognition fosters international cooperation and encourages reciprocity, thereby promoting predictability and stability through satisfaction of mutual expectations. [Comity advances the] interests of both forums ...

—the foreign court because its laws and policies have been vindicated; the domestic country because international cooperation and ties have been strengthened.

*Laker Airways, Ltd. v. Sabena, Belgian World Airlines*, 731 F.2d 909, 937 (D.C.Cir. 1984). Accordingly, we concur with the district court's determination that a certified copy of a foreign conviction, obtained following a trial at which the defendant was present, is sufficient to sustain a judicial officer's determination that probable cause exists to extradite. *See United States v. Clark*, 470 F.Supp. 976, 978 (D.Vt.1979); *In re Edmondson*, 352 F.Supp. 22, 24 (D.Minn.1972); *see also Restatement 3d* § 476 comment b ("[w]ith respect to persons whose extradition is sought after conviction in the requesting state, the requirement [of probable cause] is met by proof of the judgment of conviction and, where applicable, of sentence.").

■ In his habeas corpus petition, Spatola also argued that the dual criminality requirement of the Treaty precludes his extradition. Article II of the Treaty provides in pertinent part:

1. An offense, however denominated, shall be an extraditable offense only if it is punishable under the laws of both Contracting Parties by deprivation of liberty for a period of more than one year or by a more severe penalty....

2. ... Any type of association to commit offenses described in paragraph 1 of this Article, as provided by the laws of Italy, and conspiracy to commit an offense described in paragraph 1 of this Article, as provided by the laws of the United States, shall also be extraditable offenses.

Treaty, Art. II ¶¶ 1, 2. Upon considering the nature of Spatola's conduct, *see Collins v. Loisel*, 259 U.S. 309, 311–12, 42 S.Ct. 469, 470–71, 66 L.Ed. 956 (1922); *United States ex rel. Rauch v. Stockinger*, 269 F.2d 681, 685–87 (2d Cir.), *cert. denied*, 361 U.S. 913, 80 S.Ct. 257, 4 L.Ed.2d 183 (1959), the district court rejected this contention, finding that "the acts for which Spatola was convicted, and the actions of the group for which Spatola as co-conspirator was liable, are clearly illegal here." *Spatola*, 741 F.Supp. at 373.

Spatola's conduct, which is described in the Italian appellate decision, included laundering the proceeds of narcotics transactions and conspiring to export narcotics. As such, Spatola's conduct falls within the proscriptions of United States law prohibiting money laundering, 18 U.S.C. § 1956, and prohibiting aiding and abetting or conspiring to engage in narcotics trafficking, 21 U.S.C. §§ 841(a)(1), 846, 953, 963. Since violations of these statutes are punishable by imprisonment for more than one year in the United States, we agree with the district court's conclusion that the Treaty's dual criminality requirement was satisfied.

## CONCLUSION

We have considered all of Spatola's remaining arguments challenging the district court's decision and find them to be without merit. In light of the foregoing, we affirm the judgment of the district court denying Spatola's petition for a writ of habeas corpus.