979 F.2d 850
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Derrick Leon HILLS, also known as Stacy Shelby, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 92-1345, 92-1390.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1992.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Derrick Leon Hills, also known as Stacy Shelby, appeals the denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, collaterally attacking a certification of his extraditability to Canada. In a previous order, this court denied petitioner's motions for the appointment of counsel and bond pending appeal. He has renewed his motions for such relief. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A magistrate judge certified that petitioner could be extradited to Canada to face charges of robbery, use of a firearm while committing an offense, possession of an unregistered restricted weapon, and possession of a firearm with its serial number defaced. The certification was collaterally attacked by a petition for a writ of habeas corpus, which was denied by the district court. On appeal, petitioner challenges the sufficiency of the evidence supporting the certification, alleging that the evidence should have been suppressed as the fruit of an illegal arrest and that his identification by several witnesses was based on an improperly conducted photographic display.
 
 
 3
 Upon review, it is concluded that there was sufficient evidence to warrant the finding of a reasonable ground to believe the petitioner guilty of the Canadian charges. See Demjanjuk v. Petrovsky, 776 F.2d 571, 576 (6th Cir.1985), cert. denied, 475 U.S. 1016 (1986). Petitioner's reliance on the exclusionary rule is misplaced, as that rule is not applicable in extradition proceedings. See Simmons v. Braun, 627 F.2d 635, 637 (2d Cir.1980). Similarly, the argument that petitioner was denied due process during the photographic identification is unavailing, as the due process clause does not apply to the conduct of foreign officials. See Kamrin v. United States, 725 F.2d 1225, 1228 (9th Cir.), cert. denied, 469 U.S. 817 (1984).
 
 
 4
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit. The renewed motions for counsel and bond are denied.