**Aron LOPEZ–SMITH, Petitioner,**

v.

**R. HOOD, Respondent.**

**No. CV 96–300 TUC JMR.**

United States District Court,
D. Arizona.

Oct. 18, 1996.

David Reyes, U.S. Attorney, Tucson, AZ, for respondent.

V. Bramble, Federal Public Defender, Tucson, AZ, for petitioner.

### ORDER

ROLL, District Judge.

Pending before the Court is Petitioner Aron Lopez–Smith's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner requests that this Court vacate the Certification of United States Magistrate Judge of Extraditability and Order of Commitment entered by the United States Magistrate Judge on April 22, 1996. For the following reasons, the petition is denied.

### DOCUMENTS AND EVIDENCE PRESENTED TO THE UNITED STATES MAGISTRATE JUDGE

The government of Mexico seeks the extradition of Petitioner alleging that Petitioner committed two homicides in Agua Prieta, Sonora, Mexico in October 1995.

The government alleges that prior to October 15, 1995, Petitioner drove a vehicle from Douglas, Arizona, to Tucson, Arizona, and purchased a .45 caliber Colt semi-automatic pistol. It further alleges that on October 15, 1995, Petitioner approached two brothers in a nightclub in Agua Prieta, Sonora, Mexico and shot and killed them with the firearm he had purchased in Tucson. The government asserts that Petitioner then fled to the United States and, at the time of his arrest, was in possession of the firearm.

On October 26, 1996, a complaint and provisional arrest warrant were filed with the

United States District Court for the District of Arizona seeking the extradition of Petitioner to Mexico pursuant to the Treaty of 1978 between the United States and the Republic of Mexico. (31 U.S.T. 5059). Thereafter, on December 20, 1995, a formal request for extradition and supporting documents were presented to the United States.

The United States Magistrate Judge held an extradition hearing on March 27, 1996. The judge allowed counsel for Petitioner to present an offer of proof concerning Petitioner's competency, including testimony from a psychologist, Dr. Joseph Geffen. In addition, Petitioner submitted affidavits by Petitioner's sister, Artemisia Lopez de Grajeda, and his mother, Mara Lopez–Smith, both of which address Petitioner's mental condition. The Magistrate Judge also allowed submission of affidavits from Ms. Lopez–Smith and Anabel Smith–Lopez, which allege that Mexican officials attempted to extort money from Petitioner's family. Although the judge allowed submission of the foregoing information, Petitioner's counsel was precluded from presenting evidence relevant to a discretionary decision not to extradite.

Thereafter, on April 22, 1996, the Magistrate Judge issued a Certification of United States Magistrate Judge of Extraditability and Order of Commitment. Also on April 22, 1996, the judge issued an Order stating that the competency of Petitioner was not considered with regard to the Certification of Extraditability.

### DISCUSSION

Petitioner presents eight grounds for relief in his petition. Petitioner generally alleges that: (1) procedural due process was violated when the Magistrate Judge ruled that he lacked discretion to deny extradition on the record presented; (2) due process was violated when the Magistrate Judge failed to consider Petitioner's alleged incompetence; (3) the extradition statutes violate the separation of powers doctrine; (4) the extradition statutes violate due process because of the lack of a mechanism for the presentation of evidence supporting the exercise of discretion against extradition; (5) the extradition statutes deny Petitioner the right to confront witnesses; (6) the extradition statutes violate due process because of the rules governing the form of evidence allowed at the extradition hearing; (7) the Magistrate Judge failed to consider evidence of alleged extortion; and (8) Petitioner's constitutional rights were violated when the extradition hearing was conducted despite his alleged incompetence.

These arguments are addressed below, following a discussion of general extradition principles.

### 1. General Extradition Principles

Review of a certification of extraditability is available only through a petition for writ of habeas corpus, and the scope of review is generally more restricted than on direct appeal. Caplan v. Vokes, 649 F.2d 1336, 1340 (9th Cir.1981). On collateral review through habeas corpus a court typically examines whether:

(1) the extradition judge had jurisdiction to conduct extradition proceedings; (2) the extradition court had jurisdiction over the fugitive; (3) the treaty of extradition was in full force and effect; (4) the crime fell within the terms of the treaty; and (5) there was competent legal evidence to support a finding of extraditability.

Hooker v. Klein, 573 F.2d 1360, 1368 (9th Cir.), cert. denied, 439 U.S. 932, 99 S.Ct. 323, 58 L.Ed.2d 327 (1978) (internal citation omitted). See also Fernandez v. Phillips, 268 U.S. 311, 312, 45 S.Ct. 541, 542, 69 L.Ed. 970 (1925). In addition, hearsay evidence is admissible, Then v. Melendez, 92 F.3d 851, 855 (9th Cir.1996) (citing Quinn v. Robinson, 783 F.2d 776, 815 (9th Cir.), cert. denied, 479 U.S. 882, 107 S.Ct. 271, 93 L.Ed.2d 247 (1986)), and the Federal Rules of Criminal Procedure are not applicable. Id.; Fed.R.Crim.P. 54(b)(5).

Significantly, Petitioner does not contest (1) the jurisdiction of the extradition judge; (2) the jurisdiction of the extradition court over Petitioner; (3) the invalidity of the treaty at issue; (4) the finding that the alleged crime falls within the terms of the treaty; or (5) the sufficiency of competent legal evidence. Instead Petitioner alleges constitu-

tional violations related to the extradition proceedings.

Although Petitioner's claims do not fall within the factors set forth in *Hooker*, the Court addresses the claims.

### 2. *Petitioner's Grounds for Relief*

#### a. *Discovery Issues*

■ Petitioner first asserts that the failure of the United States Magistrate Judge to permit the taking of evidence pertinent to a discretionary decision whether or not to extradite deprived Petitioner of procedural due process. Related to this ground is another of Petitioner's grounds for relief, that is, the discretion afforded the court under the extradition statutes, 18 U.S.C. § 3182 *et seq.* Another issue related to discovery is Petitioner's assertion that the Magistrate Judge's failure to consider evidence related to an alleged extortion attempt violated Petitioner's due process rights.

■ Although the extradition statute does not specifically provide for discovery in extradition hearings, the extradition magistrate has the power to order such discovery procedures " 'as law and justice require.' " *Quinn*, 783 F.2d at 817 n. 41 (quoting *Jhirad v. Ferrandina*, 536 F.2d 478, 485 (2d Cir.), *cert. denied*, 429 U.S. 833, 97 S.Ct. 97, 50 L.Ed.2d 98 (1976)). "Admission of evidence proffered by the fugitive at an extradition proceeding is left to the sound discretion of the court, guided of course by the principle that evidence of facts contradicting the demanding country's proof or establishing a defense may properly be excluded." *Hooker*, 573 F.2d at 1369. On review of discovery issues, the court addressing the habeas petition determines whether the magistrate's decision to deny discovery constituted an abuse of discretion that deprived the accused of due process. *Quinn*, 783 F.2d at 817 n. 41.

Here, the Court does not find that the United States Magistrate Judge abused his discretion in not allowing the presentation of evidence pertinent to a discretionary decision whether to extradite. Such evidence would not have negated or explained the government's showing of probable cause.

■ The Court also finds without merit Petitioner's claim that the statute's failure to provide a mechanism for the taking of evidence supporting the exercise of discretion against extradition is unconstitutional. As noted above, the extradition judge has discretion to allow discovery as justice requires, even in the absence of any specific mechanism within the statute. The lack of such a mechanism does not make the statute unconstitutional.

■ Petitioner's claim that the Magistrate Judge's failure to consider the extortion evidence violated due process also fails. There is no evidence that the judge failed to consider the evidence presented by Petitioner with regard to the alleged extortion attempt. While the judge issued a separate order stating that Petitioner's competency was not considered, no such order was issued as to the extortion evidence. In any event, in light of the Magistrate Judge's broad discretion in the taking of evidence, failure to consider this evidence here would not be violative of due process.

#### b. *Failure to Consider Competency*

■ Petitioner next asserts that the failure of the Magistrate Judge to consider Petitioner's alleged incompetency violated Petitioner's right to elemental due process.

As the United States Supreme Court has noted many times, " 'the criminal trial of an incompetent defendant violates due process.' " *Cooper v. Oklahoma*, — U.S. —, —, 116 S.Ct. 1373, 1376, 134 L.Ed.2d 498 (1996) (quoting *Medina v. California*, 505 U.S. 437, 453, 112 S.Ct. 2572, 2581, 120 L.Ed.2d 353 (1992); *Drope v. Missouri*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). Many important rights relating to the right to a fair trial, including the right to effective assistance of counsel, the right to summon, confront and to cross-examine witnesses, and the right to testify or remain silent without penalty, would have no meaning if the defendant entitled to them were incompetent to stand trial. *Riggins v. Nevada*, 504 U.S. 127, 139–140, 112 S.Ct. 1810, 1817–1818, 118 L.Ed.2d 479

(1992) (Kennedy, J., opinion concurring in the judgment).

■ However, although the criminal conviction of an incompetent person violates due process, extradition proceedings are generally not considered criminal proceedings. *Romeo v. Roache,* 820 F.2d 540, 544 (1st Cir.1987); *Caltagirone v. Grant,* 629 F.2d 739, 748 n. 19 (2d Cir.1980). *See also McDonald v. Burrows,* 731 F.2d 294, 297 (5th Cir.), *cert. denied,* 469 U.S. 852, 105 S.Ct. 173, 83 L.Ed.2d 108 (1984). Extradition proceedings do not involve a determination of guilt or innocence of the person requested to be extradited, and, accordingly, a defendant in an extradition proceeding does not have the same degree of protection as a defendant involved in a criminal prosecution. *McDonald,* 731 F.2d at 297. Of course, where an individual faces a loss of liberty, whether in criminal or other proceedings, that individual must be afforded due process of law. However, given the limited scope of habeas review of extradition matters, as determined by the court in *Romeo,* competency would appear to be a matter better left to the determination of the jurisdiction trying the offense and not to the extraditing jurisdiction. 820 F.2d at 544. Although Petitioner argued that issues concerning incompetence would not be considered in proceedings in Mexico, the government disputed this assertion. Here, Petitioner was represented by counsel, and the Magistrate Judge's failure to consider Petitioner's competency did not violate Petitioner's due process rights and was not error.

### c. *Violation of Separation of Powers Doctrine*

■ Petitioner further contends that the extradition statutes and treaty between the United States and Mexico violate the separation of powers doctrine. Petitioner cites *Lobue v. Christopher,* 893 F.Supp. 65 (D.D.C. 1995), *vacated on jurisdictional grounds,* 82 F.3d 1081 (D.C.Cir.1996), as support for this proposition.

In *Lobue,* the district court found that the extradition statutes violated the separation of powers doctrine. However, several other district courts have disagreed with the district court's decision in *Lobue.* *See, e.g., Matter of Extradition of Marzook,* 924 F.Supp. 565 (S.D.N.Y.1996); *Matter of Extradition of Lin,* 915 F.Supp. 206 (D.Guam 1995); *Matter of Extradition of Lang,* 905 F.Supp. 1385 (C.D.Cal.1995). The Court finds the reasoning of these other courts persuasive, and, similarly rejects the argument that the extradition statutes and treaty are unconstitutional as violative of the separation of powers doctrine. Accordingly, this claim also fails.

### d. *Right to Counsel and Effective Assistance of Counsel*

■ Petitioner asserts that his sixth amendment right to effective assistance of counsel, his due process right to counsel, and his fifth amendment right to counsel were violated by the Magistrate Judge conducting the extradition hearing, notwithstanding Petitioner's presentation of evidence that Petitioner was incompetent.

The sixth amendment guarantees that in "all criminal prosecutions, the accused shall enjoy the right to ... have the Assistance of Counsel for his defence." *See* U.S. Const. amend. VI. As noted above, extradition proceedings are not considered criminal prosecutions. *See, e.g. Jhirad,* 536 F.2d at 485 n. 9. Thus, because the sixth amendment by its terms applies only to "criminal prosecutions," extradition proceedings do not carry the sixth amendment right to the assistance of counsel. *Chewning v. Rogerson,* 29 F.3d 418, 421 (8th Cir.1994). Accordingly, Petitioner's argument based on a denial of effective assistance of counsel pursuant to the sixth amendment fails.

■ Similarly, Petitioner's claims of a violation of his due process right to counsel and fifth amendment right to counsel also fail. Counsel was appointed for Petitioner, and the Magistrate Judge's conducting the extradition hearing despite evidence of Petitioner's alleged incompetence did not violate any due process right to counsel held by Petitioner in the context of the extradition proceedings. Again, as noted above, extradition proceedings are not criminal proceedings, and, accordingly, the failure of the Magistrate Judge to consider Petitioner's

competency in making his findings did not result in a violation of any fifth amendment right to counsel held by Petitioner.

#### e. *Violation of Right to Confront Witnesses and Due Process Re: Submitted Documents*

■ Petitioner also contends that the determination of probable cause based solely upon submitted documents violated Petitioner's right to confront adverse witnesses as well as his due process rights. However, there is no right to cross-examination in extradition proceedings. *Oen Yin–Choy v. Robinson*, 858 F.2d 1400 (9th Cir.1988), *cert. denied*, 490 U.S. 1106, 109 S.Ct. 3157, 104 L.Ed.2d 1020 (1989) (agreeing with *Messina v. United States*, 728 F.2d 77, 80 (2d Cir. 1984)). In addition, as discussed above, extradition proceedings are not considered "criminal prosecutions" and, therefore, because the sixth amendment by its terms only applies to "criminal prosecutions" there is no confrontation right in extradition proceedings. *See supra* section (2)(d). Accordingly, these claims fail.

#### 3. *Conclusion*

Reviewing the arguments submitted, and upon review of the record, including the government of Mexico's formal extradition documents, the Court finds no reason to vacate the Certification of United States Magistrate Judge of Extraditability and Order of Commitment filed in this case. Each of the requirements set forth in *Hooker* for collateral review on habeas is present, including the jurisdiction of the extradition judge to conduct extradition proceedings, the jurisdiction of the extradition court over the fugitive, the treaty of extradition being in full force and effect, the crime falling within the terms of the treaty, and there being competent legal evidence to support the United States Magistrate Judge's finding of extraditability. 573 F.2d at 1368.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is **DENIED.**

**IT IS FURTHER ORDERED** that the stay of the extradition of Petitioner to the Republic of Mexico imposed in this matter by Order filed June 5, 1996 is **LIFTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED.**