14-1699-pr
Kapoor v. Dunne

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand fifteen.

PRESENT: ROBERT D. SACK,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges*,
          TIMOTHY C. STANCEU,[*]
                    *Judge.*

-------------------------------------------------------------------

MONIKA KAPOOR,

                *Petitioner-Appellant,*

                v.                            No. 14-1699-pr

CHARLES DUNNE, United States Marshal for the Eastern District of New York, ROBERTO CORDERO, Chief Pretrial Services Officer for the Eastern District of New York,

                *Respondents-Appellees.*

-------------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANT: | Yuanchung Lee, Federal Defenders of New York, Appeals Bureau, New York, NY. |
| FOR APPELLEES: | Nathan D. Reilly, David C. James, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, NY. |

---

[*] Chief Judge Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Block, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Monika Kapoor appeals from the district court's judgment denying Kapoor's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In her habeas petition, Kapoor challenged United States Magistrate Judge Robert M. Levy's grant of the Government's request to certify her extradition to India. We assume the parties' familiarity with the underlying facts, to which we refer only as necessary to explain our decision.

Habeas corpus is available to an extraditee only to inquire (1) whether the magistrate had jurisdiction, (2) whether the offense charged is within the applicable extradition treaty, and (3) whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty. *Fernandez v. Phillips*, 268 U.S. 311, 312 (1925); *see also Skaftouros v. United States*, 667 F.3d 144, 157 (2d Cir. 2011). Kapoor's challenge rests solely on the third basis for review.

Our review of the denial of an extraditee's petition for a writ of habeas corpus is "limited and should not be converted into a de novo review of the evidence." *Melia v. United States*, 667 F.2d 300, 302 (2d Cir. 1981). "[T]he function of the extraditing magistrate is not to decide guilt or innocence but merely to determine whether there is 'competent legal evidence which . . . would justify his apprehension and commitment for trial . . . .'" *Shapiro v. Ferrandina*, 478 F.2d 894, 900-01 (2d Cir. 1973) (second alteration in original) (quoting *Collins v. Loisel*, 259 U.S. 309, 315 (1922)).

"In the exercise of the extraditing judge's discretion, a fugitive may be permitted to offer explanatory testimony, but may not offer proof which contradicts that of the demanding country." *Messina v. United States*, 728 F.2d 77, 80 (2d Cir. 1984). This is in accordance with the well-established rule that "extradition proceedings are not to be converted into a dress rehearsal trial." *Jhirad v. Ferrandina*, 536 F.2d 478, 484 (2d Cir. 1976). Accordingly, "evidence of alibi or of facts contradicting the demanding country's proof or of a defense such as insanity may properly be excluded from the Magistrate's hearing." *Shapiro*, 478 F.2d at 901. "[S]tatements [that] would in no way explain . . . or . . . obliterate the government's evidence, but would only pose a conflict of credibility . . . should properly await trial in [the country seeking extradition]." *Id.* at 905 (internal quotation marks omitted).

India has charged Kapoor with (1) conspiracy; (2) cheating and dishonestly inducing delivery of property; (3) forgery of valuable security, wills, and other documents; (4) forgery for the purpose of cheating; and (5) using a forged document as genuine. Kapoor claims that the district court erred in finding that the magistrate judge properly refused to consider two pieces of exculpatory evidence that she presented during the extradition proceeding: (1) an expert handwriting report and (2) Kapoor's own written statement. The district court concluded that the magistrate judge had properly determined that these documents were inadmissible "contradictory

2

evidence" and that India's evidence was sufficient to establish reasonable ground to believe that Kapoor committed the crimes with which she is charged. Kapoor claims that – had this evidence been considered – the totality of the evidence would not have supported the magistrate's finding that there is reasonable ground to believe that Kapoor committed these crimes.

The handwriting report was apparently created by India's Office of the Government Examiner of Questioned Documents in 2004. The document was not included in India's extradition materials.[1] Kapoor argues that this report is "explanatory evidence" that demonstrates that the signature that appears on documents she allegedly forged is not, in fact, hers. In its extradition materials, however, India offered a contradictory report from a bank official, V.K. Mohan Das, in which he asserts – based on bank records – that the signature that appears on allegedly forged documents he reviewed is Kapoor's. Kapoor challenges Mohan Das's qualifications to make this assessment. This is precisely the type of credibility contest that the rule against contradictory evidence is intended to avoid. *See, e.g.*, *Gill v. Imundi*, 747 F. Supp. 1028, 1040-41 (S.D.N.Y. 1990) ("[T]he Magistrate did not render the proceedings illegal or unlawful by refusing to permit petitioners to introduce testimony of their own handwriting expert . . . . [S]uch testimony would not serve to 'explain' or 'obliterate' the government's evidence, so much as to pose a conflict in the testimony of two handwriting experts as to the conditions permitting evaluation of a writing's authorship."). Accordingly, we find no error in the district court's conclusion that the magistrate judge acted within his discretion in excluding this evidence.

Kapoor next argues that the district court erred in finding that the magistrate judge properly refused to consider her written statement, in which she recants an earlier inculpatory written statement that she made to Indian authorities in 1999. While lower courts have been divided as to whether recantation evidence constitutes contradictory evidence, the Seventh Circuit has upheld a magistrate judge's exclusion of such evidence on this basis. *Eain v. Wilkes*, 641 F.2d 504, 511-12 (7th Cir. 1981) ("Petitioner's offer of proof, which was rejected by the magistrate, consists of declarations by [Petitioner's accomplices] in which each recants prior detailed testimony implicating petitioner in the bombing. . . . The later statements do not explain the government's evidence, rather they tend to contradict or challenge the credibility of the facts implicating petitioner in the bombing. Therefore, the magistrate properly decided that such a contest should be resolved at trial in Israel. The alleged recantations are matters to be considered at the trial, not the extradition hearing." (footnote omitted)); *cf. Hoxha v. Levi*, 465 F.3d 554, 561 (3d Cir. 2006) (describing the split of decisions on this issue). Lower courts have generally looked to the circumstances of the recantation itself in determining its admissibility. *See, e.g.*, *United States v. Pena-Bencosme*, No. 05-M-1518 (SMG), 2007 WL 3231978, at *5 (E.D.N.Y. Oct. 30, 2007).

We need not resolve this issue here, however, because we find that even if the magistrate judge had considered Kapoor's more recent statement, India presented sufficient evidence that Kapoor committed the crimes charged. *Cf. Hoxha*, 465 F.3d at 561 ("We need not decide

---

[1] The extradition packet did contain a 2003 handwriting report from the same government office. In the 2003 report, the examiner was unable "to express any opinion" as to the documents that were later determined not to bear Kapoor's signature in the 2004 report.

whether a recantation of inculpatory testimony may ever be admitted in an extradition proceeding, because we find that the Magistrate Judge here did not abuse his discretion in finding the recantations inadmissible. Although the initial declarations . . . were important to the government's showing of probable cause, we believe that the recantation of those declarations did not negate probable cause."). Here, as detailed by the magistrate judge, India's evidence includes (1) bank account opening forms for Monika Overseas – a company that allegedly was involved in the fraudulent scheme – that list Kapoor's name as the company's proprietor and contain a signature appearing to be hers, (2) a signed statement by Mohan Das in which he identifies Kapoor's signature on numerous allegedly fraudulent documents submitted to banks and the Indian government to obtain replenishment licenses authorizing the import of duty-free gold, (3) a series of letters on Monika Overseas letterhead purporting to transmit replenishment licenses to a third party company that bear the signature of "Monika Kapoor," which was verified to be Kapoor's signature by the now-deceased manager of the Foreign Exchange Department, Syndicate Branch, in New Delhi, (4) an affidavit from a foreign trade development officer in which he states that he prepared the replenishment licenses issued to Monika Overseas and that the usual practice of his office would have been to send them to Kapoor's residence, (5) an affidavit from an employee of the Directorate General of Foreign Trade who states that he processed fourteen of the replenishment licenses at issue, and (6) India's report that Kapoor's husband told Indian authorities that Kapoor "signed the documents pertaining to export and import made in the name of M/s. Monika Overseas on the instructions of her brothers." Appellant App. 36.

Kapoor claims that her recent written statement "obliterates" the first category of evidence, because it shows that she was the proprietor of Monika Overseas only in name.[2] We disagree. At most, Kapoor's affidavit raises a question of fact as to the import of her name appearing on these documents; it does not alter the fact that her name does, in fact, appear on them. The question of Kapoor's role in the company and her motives in becoming the proprietor are questions that are more properly left to an Indian fact finder. Moreover, we do not find that her written statement obviates the other categories of evidence listed above which link her to the crimes with which she is charged.[3]

We find for substantially the same reasons described in the magistrate judge's opinion that the evidence provided by India is sufficient to support a reasonable belief that Kapoor committed the crimes with which she is charged. Because we find no error in the district court's conclusion that the magistrate judge properly determined that India presented sufficient evidence

---

[2] Kapoor also argues that her more recent written statement demonstrates that she did not receive money from her brother in consideration for her role in Monika Overseas, as she stated in her 1999 written statement to Indian authorities. Kapoor writes in her more recent statement that she did not "gain financially" from Monika Overseas's activities. Appellant App. 118. The magistrate judge considered Kapoor's 1999 statement as evidence of the conspiracy charge, but stated that this was "[i]n addition to the documentary evidence linking Kapoor to the forged documents used to obtain the Replenishment Licenses." Appellant App. 190. For the reasons stated above, we conclude that even if we were to find that the more recent statement obviated her earlier statement, we still find India's remaining evidence sufficient to raise reasonable ground to believe she is guilty of the crimes charged.

[3] We note that both the magistrate judge and the district court likewise found that Kapoor's recent written statement would "not completely obliterate probable cause." Appellant App. 183, 197.

to show that there is reasonable ground to believe Kapoor committed the crimes charged, we affirm the district court's denial of Kapoor's petition for a writ of habeas corpus.[4]

We have considered Kapoor's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[4] Kapoor also argues that her written statement is explanatory evidence that demonstrates why she came to the United States and obviates India's evidence that she fled to avoid criminal liability. It does not appear that this argument was raised before either the magistrate judge in the extradition proceedings or the district court in connection with Kapoor's petition for a writ of habeas corpus. Generally, arguments raised for the first time on appeal are waived. *See In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008) (per curiam). In any event, this argument is meritless, as neither the magistrate judge nor the district court considered evidence of Kapoor's flight in its analysis. Moreover, even if we were to conclude that this argument had merit and that Kapoor's written statement could be considered for this purpose, this evidence would be insufficient to vitiate the reasonable ground to believe that Kapoor committed the crimes charged that was raised by India's evidence, as described above.