**Robert TUCKER, Appellant,**

v.

**COMMONWEALTH OF VIRGINIA, Appellee.**

**No. 7537.**

District of Columbia Court of Appeals.

Argued July 31, 1973.

Decided Aug. 3, 1973.

---

4. *Compare* Archer v. United States, 217 F.2d 548 (9th Cir. 1954), cert. denied, 348 U.S. 953, 75 S.Ct. 441, 99 L.Ed. 745 (1955).

784

Peter L. Sissman, Fairfax, Va., for appellant.

Tobey W. Kaczensky, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., Earl J. Silbert, John A. Terry and Oscar Altshuler, Asst. U. S. Attys., were on the Memorandum of Law, for appellee.

Before REILLY, Chief Judge, and KELLY and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

This expedited appeal [1] is from an order of the Acting Chief Judge of the trial court ordering appellant to be delivered over to authorities of the State of Virginia as a fugitive from justice. Appellant challenged the sufficiency of the documents

forwarded by the State of Virginia and the sufficiency of the showing made at the hearing before the Acting Chief Judge. A certificate of probable cause was issued implementing this appeal as required by D.C.Code 1972 Supp., § 23–704(e).

■ Of the three conditions necessary for rendition, appellant's only challenge is whether it has been sufficiently demonstrated that he is substantially charged with a crime in the demanding state.[2] Specifically he contends that the affidavits in support of the extradition complaint are deficient in that they do not spell out sufficient facts on which an independent judicial judgment could be made whether a crime was probably committed and that appellant probably committed it. The United States Attorney, on behalf of the demanding state, does not assert that the papers forwarded from Virginia are, on their face, sufficient to show existence of a substantial charge in Virginia; that is to say, that within the requirements of the Fourth Amendment such papers reveal probable cause. See Kirkland v. Preston, 128 U.S. App.D.C. 148, 385 F.2d 670 (1967). While it is true that the Virginia warrant states appellant did "Unlawfully and Feloniously . . . take, steal and carry away Four (4) Men's Suits all of the aggregate value of Two Hundred Seventy Dollars and No Cents ($270.00), of the goods and property of J. C. Penney Company . . . Richmond, Virginia . . .", the government has conceded that absent specificity respecting the source of the affiant's knowledge of these averments, the showing of probable cause is deficient. This is consistent with the holding in Kirkland v. Preston, supra, and causes us to pass to the specific issue apparently underlying the Acting Chief Judge's certificate of probable cause. That issue is whether a deficient showing of substantial charge in the papers of the demanding state can be sup-

1. D.C.Code 1972 Supp., § 23–704(e).

2. The other two prerequisites, more factual in nature, are not disputed. They are that appellant is the individual named in the extradition papers and that he is a fugitive, i. e., that he was in the demanding state when the offense was committed. See Martin v. Maryland, D.C.App., 287 A.2d 823, 825 (1972).

plemented by testimony of a person possessing the necessary information, thus to make a sufficient showing. We hold that such deficiency can be corrected by testimony offered in the rendition hearing.

 At the time of the hearing in this case, the State of Virginia had sent a witness, indeed one of the affiants, who testified that the basis for the Virginia warrant was an interview with a named accomplice who implicated appellant in the offense, and a photographic identification of the appellant by the accomplice and by the security manager of the Penney's store. The array of photographs used was produced at the hearing in this jurisdiction. This additional testimony is, in our view, sufficient to establish the requisite probable cause to support rendition. *See* Kirkland v. Preston, *supra*; and D.C.Code 1972 Supp., §§ 23–701 and 23–704(d).

The question whether such testimony may be considered to have remedied the formal defect respecting such a showing has received rather thoughtful treatment by the Circuit Court in Kirkland v. Preston, *supra*. There, as here, the formal showing was insufficient. The Circuit Court, however, ordered that unless the defective affidavit was substantially cured within a specified period of time, the writ of habeas corpus should be made absolute. *See* Kirkland v. Preston, *supra* at 151, 385 F.2d at 673.[3] That court assumed that such deficiency would be remedied by further documents sent from the demanding state. Such assumption, however, was based on the predicate that the "right to probable cause confirmation [in the asylum jurisdiction] seems especially appropriate in view of the fact that the accused will

have no access to an evidentiary preliminary hearing on probable cause until he finally arrives in the accusing jurisdiction." *Id.* at 154–155, 385 F.2d at 676–677; footnote omitted. In this case an evidentiary hearing of the kind spoken of in Kirkland v. Preston, *supra*, has in fact been held. Thus we are satisfied on this record [4] that it has been demonstrated appellant is substantially charged with an extraditable offense in the State of Virginia.

Therefore, the order appealed from is

Affirmed.

---

3. It should be noted that at the time of that decision, the procedure for review of orders of rendition was by writ of habeas corpus. Under the District of Columbia Court Reform and Criminal Procedure Act of 1970, an entirely different extradition procedure has been prescribed and the authority in such cases transferred to the chief judge of the Superior Court of the District of Columbia and this court.

*See* D.C.Code 1972 Supp., § 23–701 et seq.

4. A transcript of that hearing is not a part of the record. Because of the duty to expedite this appeal, and the fact that appellant does not challenge the characterization of the witness' testimony by the United States Attorney in his memorandum of law, we accept such characterization as record fact.