**Lebon WALKER, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 01–SP–750.**

District of Columbia Court of Appeals.

June 28, 2001.

---

Barry Coburn, Russell D. Duncan, Washington, DC, and Anne L. Saltzberg were on the motion for stay and the motion for summary reversal.

Kenneth L. Wainstein, United States Attorney, and John R. Fisher, Roy W. McLeese, III, and David B. Goodhand, Assistant United States Attorneys, were on the opposition to motion for stay and the motion for summary affirmance.

Before FARRELL and REID, Associate Judges, and KERN, Senior Judge.

PER CURIAM:

The Chief Judge of the Superior Court, pursuant to D.C.Code § 23–704(e) (1996), ordered that appellant be extradited to the State of Maryland in response to a "retake warrant" issued by a Maryland Circuit Court judge and a subsequent extradition request made after appellant was arrested in the District of Columbia. The Circuit Court order in turn stemmed from a decision of the Court of Appeals of Maryland holding expressly that appellant's wife—and, by implication, that appellant—had been erroneously released from prison before completion of sentences previously imposed following their convictions for conspiracy and theft.[1] By order of June 6, 2001, a motions division of this court denied appellant's motion for a stay and summary reversal, and affirmed the extradition order. We now briefly explain our rejection of appellant's proffered grounds for reversal.

---

1. *See Maryland Correctional Inst. v. Lee,* 362 Md. 502, 766 A.2d 80 (2001).

■ Relying on *Kirkland v. Preston,* 128 U.S.App. D.C. 148, 385 F.2d 670 (1967), appellant first argues that the government failed to establish "within the requirements of the Fourth Amendment [that the extradition] papers reveal probable cause [for believing him guilty]." *Tucker v. Virginia,* 308 A.2d 783, 784 (D.C. 1973) (citing and following *Kirkland*).[2] *Kirkland,* however, although establishing the requirement that before extradition may be ordered, the rendition (or asylum) state must independently "be satisfied that the affidavit [supporting the extradition request] shows probable cause," recognized that its holding would not apply "[w]hen an extradition demand is accompanied by an indictment," since "that document embodies a grand jury's judgment that probable cause exists." 128 U.S.App. D.C. at 154, 385 F.2d at 676. If that is true of an indictment, it is even truer here: appellant "overlooks the fact that he has already been found *guilty* beyond a reasonable doubt by the demanding state for the crime which forms the basis of the extradition request." *Lykins v. Steinhorst,* 197 Wis.2d 875, 541 N.W.2d 234, 237 (Ct.App.1995) (emphasis added) (citing *Chamberlain v. Celeste,* 729 F.2d 1071, 1074 (6th Cir.1984)). The conviction ineluctably establishes that appellant was "substantially charged with a crime" in Maryland, a prerequisite for extradition. *See Martin v. Maryland,* 287 A.2d 823, 825 (D.C.1972).[3]

■ Appellant further argues that he is not a "fugitive from justice" and thus extraditable because he moved to the District of Columbia lawfully after his release from prison by a court order and did not come here to escape prosecution (or further punishment) for a crime. He points out that, contrary to the description of him in the extradition request as "a fugitive from justice from this state," Maryland law in fact defines a "fugitive" as one who "has fled" the jurisdiction "to avoid prosecution for a crime." Md. Ann.Code Art. 27, § 441(j) (2001). But exactly how Maryland defines a "fugitive" is beside the point for present purposes. In *Martin, supra,* we stated that to be extraditable, the individual must be "a fugitive, which is to say [only that] he was in the demanding state when the crime was committed." 287 A.2d at 825. Other courts, including the Supreme Court, have also recognized that even though a fugitivity statute may refer to the defendant having "fled" from the demanding state, " 'fled' simply means 'left' " and "it is immaterial" for extradition purposes what the person "believed when he left or whether he had the purpose of avoiding prosecution." *People ex rel. Schank v. Gerace,* 231 A.D.2d 380, 661 N.Y.S.2d 403, 407 (1997); *see also Appleyard v. Massachusetts,* 203 U.S. 222, 227, 27 S.Ct. 122, 51 L.Ed. 161 (1906); *Gottfried v. Cronin,* 192 Colo. 25, 555 P.2d 969, 971 (1976). Consequently, as the court in *Schank* held in circumstances resembling this case, "[t]o establish the [person's] fugitive status, it is sufficient for the demanding State to allege that the [person] has been convicted in the demanding State, but has not completed his sentence." 661 N.Y.S.2d at 408; *see also Gottfried,* 555 P.2d at 972 ("Where, as here, the requisition papers show that the person

---

**2.** *See M.A.P. v. Ryan,* 285 A.2d 310 (D.C. 1971).

**3.** Moreover, although this case does not require us to decide the issue, the *Kirkland* court's requirement of an independent showing of probable cause made to the asylum state authorities appears no longer viable in light of the Supreme Court's subsequent decision in *Michigan v. Doran,* 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978); *accord New Mexico v. Reed,* 524 U.S. 151, 118 S.Ct. 1860, 141 L.Ed.2d 131 (1998); *California v. Superior Court of California,* 482 U.S. 400, 107 S.Ct. 2433, 96 L.Ed.2d 332 (1987).

**1110**

has been charged and convicted in the demanding state, and that he has not completed his sentence, that person can be extradited.").

■ Finally, appellant's argument that he was denied due process because the Maryland retake warrant was issued before he had a chance to be heard in Maryland on the applicability of the Court of Appeals' decision to him is not grounds for resisting extradition. *See Doran,* 439 U.S. at 289, 99 S.Ct. 530. Any challenge to the fairness of his reincarceration can be raised before the courts of Maryland.[4]

*Affirmed.*

4. It appears that appellant in fact has an appeal from the ordered re-arrest pending in the Court of Special Appeals of Maryland.